536 A.2d 804

**Mildred CARNEY, Appellee,**

v.

**OTIS ELEVATOR COMPANY and Nacho Realty Co.**

**Appeal of OTIS ELEVATOR COMPANY.**

Superior Court of Pennsylvania.

Submitted Sept. 16, 1987.

Filed Jan. 25, 1988.

Basil A. DiSipio, Philadelphia, for appellant.

Marvin S. Haber, Philadelphia, for Carney, appellee.

J. Michael Potter, Philadelphia, for Nacho, appellee.

Before OLSZEWSKI, DEL SOLE and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment entered in favor of appellee following a trial by jury. Appellant claims that it is entitled to either judgment in its favor because the trial evidence did not satisfy the elements of negligence; or, in the alternative, a new trial because the verdict was contrary to the weight of the evidence and because the trial court committed reversible error during the course of the trial. For reasons discussed below, we affirm the decision of the trial court.

The trial court presented the facts as follows.

... On May 17, 1982, at approximately 4:00 p.m.[,] plaintiff, Mildred Carney, and some of her co-workers left a conference and were heading home from their fourth floor offices which are located at 801 Arch Street, Philadelphia, Pa., in a building managed by Nacho. They intended to use one of the two self-operated elevators servicing the fourth floor. When plaintiff attempted to enter the elevator on the west side of the north wall immediately after her co-worker, the elevator doors closed suddenly and began crushing her. Plaintiff testified about injuries as a result of the elevator doors crushing her, including persistent headache, injuries to her neck, low back, shoulder girdles and rib cage, and

soreness in her chest, legs and back. Plaintiff also alleged that she was out of work due to said injuries for [twenty-two and one-half] months.

The elevator in question was the subject of a maintenance agreement between defendants Otis and Nacho. The Otis employee responsible for the maintenance of the elevator testified as to his weekly maintenance visits, that, on April 26, 1982, the door chain to the elevator was loose and was repaired, and that the elevator in question had had prior problems concerning the open door locks. Further, plaintiff testified that, while there was nothing odd about the way the doors opened, she noticed that the doors closed much more quickly than usual when she was about to enter the elevator and that the doors did not release themselves, causing her to be crushed.

Finally, plaintiff's witness, Dr. Richard DiMonte, testified concerning plaintiff's injuries and was asked by the Court whether he had an opinion, with a reasonable degree of medical certainty, whether the injuries were the result of this accident. Dr. DiMonte replied in the affirmative and stated that the injuries would be related to the accident.

Opinion at 2–3.

On January 28, 1986, the jury returned a $25,000 verdict against appellant and Nacho. The jury apportioned liability, finding appellant 90% at fault. On February 10, 1986, the trial court entered a molded verdict of $20,000, reflecting a $5,000 settlement procured against Nacho prior to trial. The trial court denied appellant's motion for judgment n.o.v., and motion for new trial on December 30, 1986. This appeal followed.

Appellant first alleges that it is entitled to a judgment in its favor because evidence presented at trial does not satisfy the elements of negligence. In reviewing appellant's claim, we are guided by the following principles:

> In reviewing an order denying judgment n.o.v., we must view the evidence, together with all reasonable inferences therefrom, in the light most favorable to appel-

lee as the verdict winner. *See, e.g., Lynch v. Metropolitan Life Insurance Co.,* 427 Pa. 418, 423, 235 A.2d 406, 409 (1967). *See also, Atkins v. Urban Redevelopment Authority of Pittsburgh,* 489 Pa. 344, 414 A.2d 100 (1980). Judgment n.o.v. should be entered when the facts are such that no two reasonable persons could disagree that the verdict was improper. *See, e.g., Cummings v. Borough of Nazareth,* 427 Pa. 14, 25–26, 233 A.2d 874, 880–81 (1967); *Bottorf v. Waltz,* 245 Pa.Super. 139, 142–44, 369 A.2d 332, 334 (1976) ... [W]hen evidence is insufficient to sustain a verdict against a losing party, ... the court should enter a judgment n.o.v. *McCloskey v. New York Life Insurance Company,* 292 Pa.Super. 1, 5, 436 A.2d 690, 691–92 (1981).

*Banas v. Matthews Internat'l Corp.,* 348 Pa.Super. 464, 474–475, 502 A.2d 637, 642 (1985).

Appellee established an inference of negligence by relying on the doctrine of *res ipsa loquitur.* Appellant maintains that the evidence was insufficient to establish the elements of *res ipsa loquitur.* Our Supreme Court, in *Gilbert v. Korvette,* 457 Pa. 602, 327 A.2d 94 (1974), adopted the *res ipsa loquitor* doctrine as provided in Section 328 D of the Restatement (Second) of Torts. The section provides:

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.

We have determined that the rationale behind the doctrine is to aid plaintiffs in making out a *prima facie* case of negligence against defendants by allowing an inference of negligence to be deduced from competent evidence on the theory that in the course of ordinary events, the injury or damage complained of would not have occurred in the absence of negligence. *Smith v. City of Chester*, 357 Pa.Super. 24, 27, 515 A.2d 303, 305 (1986). It is well established that the plaintiff must satisfy all three elements of section 328 D(1) before an inference of negligence can be drawn from an injurious incident. *Id., citing Lanza v. Poretti*, 537 F.Supp. 777 ([E.D.Pa.] 1982).

■ In the present case, the trial court determined that the facts were analogous to those of *Gilbert*, making *res ipsa loquitur* applicable. The court further held that the appellee had established the requisite elements of 328 D(1). We find that the record and the relevant case law support the trial court's finding.[1] First, the event is clearly one which would not have occurred in the absence of negligence. Appellee testified that as she was entering the elevator, the doors closed upon her and did not release, causing her to be crushed. Trial transcript, 28. Additionally, appellee stated that normally if the elevator door closed on someone, it would reopen. *Id.* Appellant's employee responsible for maintenance, Gordon Wyatt, also indicated that an elevator "door slam" is a malfunction. Trial transcript, 75–78.

Second, regarding the elimination of other causes, we have declared that it is not necessary that a plaintiff exclude all other possible causes of the accident beyond a reasonable doubt. *Smith, supra,* 357 Pa.Super. at 28, 515 A.2d at 305. Rather, a plaintiff is required to present a

---

1. This is an appropriate case for the utilization of *res ipsa loquitor. See Gilbert, supra; see also Williams v. Eastern Elevator Co.,* 254 Pa.Super. 393, 386 A.2d 7 (1978).

case from which a jury may reasonably conclude that the negligence was, more probably than not, that of the defendant. Restatement (Second) of Torts Section 328 D comment f. Instantly, there was substantial evidence that appellee was not negligent. In addition, Gordon Wyatt testified that inspections were exclusively within his control. We are satisfied that appellee presented sufficient evidence to eliminate other responsible causes.

Finally, we conclude that the negligence was within the scope of appellant's duty to appellee. It is this aspect of the doctrine that appellant emphatically asserts is not established by the testimony presented at trial. Appellant contends that it only had a contractual duty of reasonable inspection which was not breached. We have determined, however, that by contracting to service and maintain the elevator on a weekly basis, appellant is in exclusive control of the elevator and may be held liable for injuries caused by the malfunction of the elevator. *Johnson v. Otis Elevator Co.*, 225 Pa.Super. 500, 311 A.2d 656 (1973). We have previously noted the duty upon appellant to service and maintain the elevators to prevent the elevators or their components from going "out of control." *Id.*, 225 Pa.Superior Ct. at 503, 311 A.2d at 657.

■ We find that the evidence presented was sufficient to satisfy the elements of *res ipsa loquitur* from which the jury appropriately inferred negligence. We conclude, therefore, that the trial court properly denied appellant's motion for judgment n.o.v.

Next, appellant claims that it is entitled to a new trial because the verdict was contrary to the weight of the evidence. In reviewing this claim, we must consider that:

> [t]he decision to either grant or deny a motion for new trial [on grounds that the verdict was against the weight of the evidence] is within the sound discretion of the trial court and will be reversed on appeal only if the appellate court determines the trial court palpably abused its discretion.... Our Supreme Court has held that a new trial should be granted only where the

verdict is so contrary to the evidence as to shock one's sense of justice. *Burrell v. Philadelphia Electric Co.,* 438 Pa. 286, 265 A.2d 516 (1970). A new trial should not be granted where the evidence is conflicting and the jury might have found for either party, nor where the trial judge would have reached a different conclusion on the same facts.

*Myers v. Gold,* 277 Pa.Super. 66, 69, 419 A.2d 663, 664 (1980). *See: Austin v. Ridge,* 435 Pa. 1, 255 A.2d 123 (1969); *Brown v. McLean Trucking Co.,* 434 Pa. 427, 256 A.2d 606 (1969); *Carroll v. Pittsburgh,* 368 Pa. 436, 84 A.2d 505 (1951); *Buck v. Scott Township,* 325 Pa.Super. 148, 472 A.2d 691 (1984); *Mattox v. City of Philadelphia,* 308 Pa.Super. 111, 454 A.2d 46 (1982); *Eldridge v. Melcher,* 226 Pa.Super. 381, 313 A.2d 750 (1973).

*Hawthorne v. Dravo Corp., Keystone Division,* 352 Pa.Super. 359, 365, 508 A.2d 298, 301 (1986).

■ Instantly, appellant asserts that the verdict and the apportionment of liability are factually unsubstantiated. Scrutiny of the facts, discussed *supra,* indicates, however, that there was adequate evidence to support the jury's verdict. We will not disturb the verdict of the jury merely because a different verdict might have been reached. *Thompson v. Motch & Merryweather Machinery,* 358 Pa.Super. 149, 516 A.2d 1226 (1986). We are satisfied that the verdict was not against the weight of the evidence and, therefore, the trial court did not abuse its discretion in denying appellant's motion for new trial.

■ Finally, appellant urges that it is entitled to a new trial because of various alleged errors committed by the trial court during the course of the trial. We will address appellant's contentions *seriatim.* First, appellant claims that the trial court improperly questioned appellee's witness, Dr. DiMonte, in an attempt to establish an element of appellee's cause of action. It is well established, however, that a trial judge has the right and sometimes the duty to interrogate witnesses. *Commonwealth v. Seabrook,* 475 Pa. 38, 379 A.2d 564 (1977) (*quoting Commonwealth v.*

*Myrna*, 278 Pa. 505, 507–508, 123 A. 486, 487 (1924)); *See also Commonwealth v. Whiting*, 358 Pa.Super. 465, 517 A.2d 1327 (1986). When an important fact is indefinite or a disputed point needs to be clarified, the Court may see that it is done by taking part in the examination. *Commonwealth v. Britton*, 334 Pa.Super. 203, 208, 482 A.2d 1294, 1297 (1984) (*quoting Myrna, supra*, 278 Pa. at 507–508, 123 A. at 487). In exercising this prerogative, the trial court cannot unduly protract testimony or show bias. *Seabrook, supra*, 475 Pa. at 45, 379 A.2d at 567; *Whiting, supra*, 358 Pa.Super. at 473, 517 A.2d at 1331.

In the instant case, a review of the record indicates that the trial judge questioned the doctor in order to clarify the opinion of the doctor, which the court initially felt differed from statements made in the doctor's reports. Opinion at 5. This type of clarification is well within the trial court's discretion.

█ Appellant also complains that the trial court erred in permitting the introduction of a document which showed that appellant had inspected the elevator on May 13, 1982 and replaced a door on June 4, 1982. Appellant asserts that the document contains inadmissible evidence of subsequent repairs. The trial court permitted the evidence to impeach the testimony of Mr. Fox, a maintenance worker, who claimed he found the doors in working order on June 4, 1982.

"It is well settled that evidence of subsequent repair is not admissible to impute antecedent negligence, but such evidence may be admissible for other relevant purposes." *O'Malley v. Peerless Petroleum, Inc.*, 283 Pa.Super. 272, 289, 423 A.2d 1251, 1260 (1980), *citing, Incollingo v. Ewing*, 444 Pa. 299, 282 A.2d 206 (1971). Therefore, the evidence of subsequent repair was permissible to impeach the credibility of Mr. Fox.

Finally, appellant maintains that the trial court erred in refusing to charge the jury as to appellant's suggested point for charge on burden of proof ("point Forty"). Appellant, however, did not object with specificity to the trial

court's charge. Instead, the following dialogue transpired when the judge invited the attorneys to request additional instructions:

MR. DI SIPIO: Also my supplemental point number Forty. It ties in with the one I just pointed out to the Court.

THE COURT: I will deny that.

MR. DI SIPIO: If I could have an exception to the statement about the wage loss in that there was no evidence, specific evidence of her wage loss.

Trial record at 240.

We have declared that a specific exception, indicating the language or omission complained of, must be lodged to preserve an objection to a jury instruction. *Crosbie v. Westinghouse Elevator Co.*, 297 Pa.Super. 304, 443 A.2d 849 (1982). Instantly, the record discloses that appellant failed to specifically object to the portion of the jury instructions now in question. Therefore, the alleged error is deemed waived. *Wilkerson v. Allied Van Lines, Inc.*, 360 Pa.Super. 523, 521 A.2d 25 (1987); *Orlando v. Herco, Inc.*, 351 Pa.Super. 144, 505 A.2d 308 (1986).[2]

The judgment of the trial court is affirmed.

DEL SOLE, J., concurs with opinion.

DEL SOLE, Judge, concurring:

I concur in the result reached by my colleagues in the majority but write separately for two reasons.

First, I disagree with the conclusion in the majority Opinion that the Appellant has failed to preserve for appellate review an averred court err in refusing to charge the jury as to the Appellant's suggested point for charge on burden of proof (point Forty). I believe that the colloquy

2. We note, nonetheless, that appellant's suggested point for charge requested instruction on the incorrect duty standard, discussed *supra*, and an inaccurate burden of proof. We conclude that the trial court determined the applicable law and correctly instructed the jury thereon. *See Johnson v. Otis Elevator Co.*, 225 Pa.Super. 500, 311 A.2d 656 (1973).

set forth was sufficient to raise that issue for the trial court, however, I am in agreement with footnote 2 of the majority Opinion that the trial court's charge was correct and that no reversible error occurred in failing to grant point Forty.

I write secondly to point out a matter that is inherent in the case from which no appeal was filed. The record reflects that the jury returned a verdict of $25,000 against the Appellant and Nacho Realty Co., and found the Appellant 90% at fault, Nacho 10% at fault. Previous to the trial, Nacho and the Plaintiff settled for $5,000. The trial court in molding the verdict as a result of that settlement reduced the amount recoverable against the Appellant to $20,000.

Recently, the Supreme Court determined that the amount paid by a settling tort feasor in excess of its proportionate share of damages, as determined by the jury, does not relieve the nonsettling tort feasor of the obligation to pay its full, pro-rata share under the Comparative Negligence Act. *Charles v. Giant Eagle Markets*, 513 Pa. 474, 522 A.2d 1 (1987). Applying that analysis to this case, the verdict should have been molded in favor of the Plaintiff and against the Defendant–Appellant in the sum of $22,500. Since this matter was not appealed or preserved, the verdict as it was molded by the trial court should stand in this case.