582 A.2d 1314

**Marlene L. SEDLITSKY, Appellant,**

v.

**James D. PARESO, M.D.**

Superior Court of Pennsylvania.

Argued April 3, 1990.

Filed June 29, 1990.

Reargument Denied Aug. 15, 1990.

1

Harry S. Cohen, Pittsburgh, for appellant.

John W. Jordan, IV, Pittsburgh, for appellee.

Before DEL SOLE, JOHNSON and FORD ELLIOTT, JJ.

JOHNSON, Judge:

In a medical malpractice action, Marlene L. Sedlitsky appeals from the judgment entered on the jury verdict in favor of defendant James D. Pareso, M.D. On this appeal, we determine that once the plaintiff produces sufficient evidence to raise an inference of *res ipsa loquitur*, the plaintiff is entitled to have the jury instructed on this evidentiary rule even though the defendant has produced a quantity of contrary evidence. We also determine that where the plaintiff has provided the court with a written proposed point for charge which, although partially erroneous, sufficiently alerts the court that an important issue needs to be addressed in its jury charge, omission of an instruction on the important issue is grounds for reversal where the issue is not otherwise covered in the charge and the objecting party has been prejudiced. We reverse and remand for a new trial.

On July 16, 1985 Sedlitsky underwent surgery, performed by Pareso, a general surgeon, to remove one-half of her thyroid gland. After the surgery, Sedlitsky experienced hoarseness. Sedlitsky was examined by Dr. Eugene F. Paluso, who concluded that the hoarseness was a result of permanent vocal cord paralysis. On October 22, 1987, Sedlitsky commenced a negligence action against Pareso, alleg-

ing medical malpractice. After a jury trial, a verdict was returned in favor of Pareso. Sedlitsky filed a Motion for Post-Trial Relief which was denied by a trial court en banc panel.

On appeal Sedlitsky raises the following issue for our consideration: whether the trial court committed error by failing to instruct the jury as to *res ipsa loquitur*? We agree and reverse on this basis.[1]

 *Res ipsa loquitur* is a short-hand expression for a rule of evidence which allows a jury to infer the existence of negligence and causation where the injury at issue is one that does not ordinarily occur in the absence of negligence. *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 327 A.2d 94 (1974). A plaintiff is entitled to a jury instruction on *res ipsa loquitur* where she has satisfied the requirements of the Restatement (Second) of Torts § 328 D. The Pennsylvania Supreme Court adopted this section of the restatement in *Gilbert v. Korvette, Inc., supra.* The restatement (Second) of Torts § 328 D states in relevant part:

1. Sedlitsky also presents the following questions for review:
 I. Whether the trial court committed error in permitting the defendant to refer, on direct examination, to surgical texts, operating manuals and surgical literature generally in support of his opinion testimony?
 II. Whether the trial court committed error in admitting opinion testimony of the defendant which violated pre-trial discovery rules, a specific pre-trial court order and went far beyond the offer of proof?
 III. Whether the trial court committed error in permitting plaintiff's fact witness, Dr. Eugene Paluso, to testify on cross-examination as to his opinions on issues beyond the scope of direct-examination?
 IV. Whether the trial court committed error in permitting defendant's expert witness, Dr. Charles Watson, to testify as to opinions of other doctors?
 V. Whether the trial court committed error on voir dire in rejecting plaintiff's challenge "for cause" regarding a juror who had a personal relationship with the defendant; and allowing defendant's challenge "for cause" regarding a juror who knew that his brother-in-law was paid a medical malpractice settlement by an insurance company?
 Because of our disposition of this appeal, we do not reach these remaining contentions.

(1) It may be *inferred* that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

█ The Restatement (Second) of Torts, Comment e on Clause (a) of Subsection (1) elaborates upon the plaintiff's burden to show the above elements. It provides in relevant part:

The plaintiff's burden of proof ... requires him to produce evidence which will permit the conclusion that it is more likely than not that his injuries were caused by the defendant's negligence. Where the probabilities are at best evenly divided between negligence and its absence, it becomes the duty of the court to direct the jury that there is no sufficient proof. The plaintiff need not, however, conclusively exclude all other possible explanations, and so prove his case beyond a reasonable doubt.... *It is enough that the facts proved reasonably permit the conclusion that negligence is the more probable explanation. This conclusion is not for the court to draw, or to refuse to draw, in any case where either conclusion is reasonable; and even though the court would not itself find negligence, it must still leave the question to the jury if reasonable men might do so.*

Restatement (Second) of Torts, Comment e on Clause (a) of Subsection (1), emphasis added; *See also Hollywood Shop, Inc. v. Pennsylvania Gas and Water Co.*, 270 Pa.Super. 245, 249, 411 A.2d 509, 511 (1979). Where the plaintiff sustains his or her burden, the court must give an instruction on *res ipsa loquitur,* even if the defendant has produced a quantity of contrary evidence. *See Halsband v. Union National Bank of Pittsburgh,* 318 Pa.Super. 597, 465 A.2d 1014 (1983). An inference of *res ipsa loquitur* does not

disappear in the face of contrary evidence. Packel and Poulin, Pennsylvania Evidence, § 306.6 at 95 (1987).

The trial court inappropriately cites *Brophy v. Brizuela,* 358 Pa.Super. 400, 517 A.2d 1293 (1986) for the proposition that a charge on *res ipsa loquitur* is not required where the plaintiff's evidence of *res ipsa loquitur* is contradicted by the defendant's evidence. In *Brophy,* this court simply held that in a case alleging *res ipsa loquitur,* summary judgment is properly granted in favor of the defendant where the plaintiff has adduced no expert testimony to show that her injury is not one which commonly occurs in the absence of negligence and the *uncontradicted* evidence of record demonstrates that the injury could have occurred in the absence of negligence. Unlike *Brophy,* Sedlitsky did produce expert testimony to the effect that her injury does not commonly occur in the absence of negligence. Expert testimony is sufficient to establish the elements of section 328 D such that a *res ipsa loquitur* instruction is warranted even when contrary evidence has been produced by the defendant. *See Hollywood Shop, Inc. v. Pennsylvania Gas and Water Co.,* 270 Pa.Super. at 250, 411 A.2d at 512.

On Sedlitsky's behalf, Dr. Richard Bassin testified that Sedlitsky's vocal cord paralysis occurred during the operation performed by Pareso and that during the operation Pareso must have somehow stretched the cord. He further testified that the injury suffered by Sedlitsky is not an injury which can occur in the absence of negligence unless unusual circumstances are present, that Sedlitsky's operation did not evidence any unusual circumstances and that therefore Pareso must have acted negligently and breached the standard of care required of a doctor by failing to protect the vocal cords while operating.

Sedlitsky's evidence that this was an injury which will, in the normal case, occur only because of negligence was sufficient to satisfy the first prong of section 328 D. The inference that this injury does not commonly occur without negligence was not directly rebutted. Pareso's expert, Dr. Charles Gray Wasting, only testified that this injury *can*

occur without negligence. In Watson's opinion, Sedlitsky's injury was not the result of negligence but an unavoidable result of the surgery. He testified that Sedlitsky's thyroid gland may have been temporarily attached to her vocal cord and therefore the cord may have suffered a stretch injury as the thyroid gland was properly rotated out of Sedlitsky's neck. He stated that when the cord and gland are attached, a stretch injury is unavoidable.

Second, through expert testimony, Sedlitsky also provided sufficient evidence that no other responsible causes exist. This requirement primarily refers to the conduct of third persons. *See* Restatement (Second) of Torts § 328 D, Comment on Clause (b) of Subsection (1). The conduct of third persons is not a factor involved in this case. However, even though the facts essentially exclude the conduct of others, it is still proper in a medical malpractice case to determine whether any idiopathic factors could have been responsible for the harm here incurred. Compare *Gallegor by Gallegor v. Felder*, 329 Pa.Super. 204, 478 A.2d 34 (1984) where this court determined that the mere fact of injury during a surgical operation does not by itself establish a case for the application of *res ipsa loquitur.* The pivotal inquiry is whether the defendant is responsible for the injury at issue. *Gilbert v. Korvette, Inc.*, 457 Pa. at 614, 327 A.2d at 101. This showing need not exclude all other possibilities. Rather, the evidence must reasonably permit a jury to conclude that "the negligence was, more probably than not, that of the defendant." *Carney v. Otis Elevator*, 370 Pa.Super. 394, 399–400, 536 A.2d 804, 806 (1988).

During its closing argument, the defense conceded that "the most reasonable assumption is that it [the injury] is somehow connected to that surgery, ..." N.T. October 14, 1988 at 175–176. The question remaining for the jury was whether the injury could have occurred without negligence because the vocal cord was unusually adhered to the thyroid gland and was inadvertently stretched when the gland was properly rotated out of Sedlitsky's neck. From the evidence, the jury could reasonably have concluded that negligence was responsible for Sedlitsky's injury. Pareso's

post-operative report did not mention that the thyroid gland was attached to the vocal cord. If the jury believed that the point of attachment between the cord and gland would have been visible to Pareso, they could conclude that because no mention was made in the report that the cord and gland were attached, no unusual circumstances existed during the operation and therefore the injury was the result of negligence.

Third, it is within the scope of Pareso's duty of care to protect his patient against preventable injuries which could reasonably occur during the performance of surgery. Accordingly, we find that Sedlitsky sufficiently satisfied the requisites of section 328 D and an instruction on *res ipsa loquitur* was warranted.

Pareso argues that even if a *res ipsa loquitur* instruction were proper, Sedlitsky failed to make a proper written request for such an instruction and therefore the trial court did not abuse its discretion by refusing Sedlitsky's proposed point for charge.

While we find that Sedlitsky's proposed point is erroneous in two respects, we do not find that these errors were such that the trial court was thereby relieved of the responsibility to give a *res ipsa loquitur* instruction. The first error in the proposed point for charge directed that the trial court instruct the jurors to consider general community knowledge in determining whether Pareso was negligent, even though this case clearly required expert testimony on this issue. The second error improperly requested that the court instruct the jury that Sedlitsky's injuries could not occur in the absence of negligence when the evidence would permit the jury to draw a contrary conclusion.

"A trial judge is not bound to remould [sic] points for charge presented to him. If they are not strictly in accordance with the facts in evidence or the law of the case, he may refuse them." *Tamres v. Reed*, 109 Pa.Super. 28, 31, 165 A. 538, 539 (1933). However, while the trial court could properly refuse Sedlitsky's erroneous point, the trial court could not omit an instruction on *res ipsa loquitur*

altogether. Although the proposed point was erroneous, it was sufficient to alert the trial judge to the need for an instruction regarding the evidentiary rule. Where the trial court omits from its charge an important evidentiary principle which was included in a proposed point for charge, even though the proposed point was erroneous, reversal of the judgment is proper if the objecting litigant has been prejudiced. *Butler v. DeLuca*, 329 Pa.Super. 383, 390, 478 A.2d 840, 844 (1984) citing *McGowan v. Devonshire Hall Apartments*, 278 Pa.Super. 229, 242, 420 A.2d 514, 520 (1980); *See also Commonwealth v. Sisak*, 436 Pa. 262, 269–270 n. 5, 259 A.2d 428, 432 n. 5 (1969).

We have reviewed the charge of the court and can not agree with Pareso's alternative argument that Sedlitsky has suffered no prejudice because the principle of *res ipsa loquitur* was generally covered in the court's instructions. In its charge, the trial court properly articulated the law of negligence, instructing the jury that they must find that Pareso acted negligently and that his negligence was a substantial cause of Sedlitsky's injury. However, the court did not explain how negligence may be proved. Its entire discussion of circumstantial evidence is as follows:

> In this case, you have heard what the law calls circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances from which it is reasonable to infer the existence of another fact.
>
> For example, a man may be able to testify whether it was snowing at a particular time because he looked outside and saw the snow falling. This is direct evidence. It may be, however, that he did not actually see the snow coming down, but if he gets up one morning and looks and sees fresh snow where there was none the night before, he can testify to these facts, and the jury may infer that it snowed during the night. This is circumstantial evidence.

N.T., October 14, 1988 at 224.

The trial court's discussion is insufficient to make a jury aware that if they find that Sedlitsky's injury does not

commonly occur in the absence of negligence, that no other responsible causes exist, and it was Pareso's duty to protect against the occurrence of injury, they could infer, without more, negligence and causation. Such an evidentiary rule was particularly necessary here where Sedlitsky was unavoidably ignorant of the exact act which caused her injury.

We cannot discern from the record how the jury reached its verdict in favor of Pareso. The trial court gave the jury a general verdict slip which asked only which party prevailed and the amount of damages, if any. A jury poll shows that the verdict was not unanimous. The jury could justifiably have believed that the defendant had not acted negligently, as the vocal cord was adhered to the thyroid gland in a manner which was not visible and could not have been detected and therefore the injury could not have been prevented. Alternatively, the jury could also have determined that Sedlitsky simply did not present sufficient evidence of negligence or causation. In the latter case, Sedlitsky may very well have been prejudiced by the trial court's failure to charge on *res ipsa loquitur* which is an evidentiary tool permitting a plaintiff to prove the elements of negligence and causation by circumstantial evidence. Accordingly, we reverse the judgment and remand for a new trial.

Judgment reversed. Case remanded. Jurisdiction relinquished.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting.

I dissent from the conclusion of the Majority that the trial court erred in not charging the jury on the doctrine of *res ipsa loquitur.* I believe that the doctrine is not applicable in this case.

The Majority sets forth the doctrine as found in the Restatement of Torts. However, the doctrine of *res ipsa* applies only in those cases where there is no evidence of negligence on the part of the defendant. In this case, the

Appellant introduced evidence at the trial to establish the negligence of the defendant. Specifically, the plaintiff's expert, Dr. Richard Bassin, gave his opinion that the standard of care of the Appellant was unacceptable. Dr. Bassin testified as follows:

Q. [By Mr. Cohen] Doctor, do you have an opinion with a reasonable degree of medical certainty, whether or not Dr. Pareso's surgery fell below an acceptable and reasonable medical standard in this case?

A. Yes, I have an opinion.

Q. What is that opinion?

A. My opinion is that it fell below the standard of care.

Q. Why?

A. Because in performing surgery, the recurrent laryngeal nerve on the left side was traumatized, and the patient now has permanent paralysis of the vocal cord, and that is below the standard of care.

Q. Could this recurrent laryngeal nerve be traumatized or stretched, or cut, if the physician is utilizing a reasonable standard of care?

A. No, it can't.

Q. What about if there are complications, like bleeding or something unforeseen?

A. In this case, there wasn't anything unforeseen. You read the operative report, it says there wasn't any excessive bleeding and there weren't any problems, so the answer is no.

Q. Doctor, did you consider any other possible causes, reasonable possible causes, for Marlene's permanently paralyzed vocal cord, other than an error by Dr. Pareso in this case?

A. I considered every possible cause, and the only cause that exists is that the recurrent laryngeal nerve was injured. . . .

Q. Doctor, is vocal cord paralysis a risk of thyroid surgery?

A. Yes.

Q. Why do you say that?

A. Because if the surgeon injures the recurrent laryngeal nerve, you can get paralysis of the vocal cords.

Q. Can it be injured in any other way than an error by the physician?

A. No....

Q. Doctor, do you have an opinion within a reasonable degree of medical certainty whether or not Marlene's permanent vocal cord paralysis was directly caused by Dr. Pareso's surgical technique?

A. Yes, I have an opinion.

Q. What is that opinion?

A. That it was.

N.T. pp. 71–74.

Where, as here, the Appellant has introduced evidence of the defendant's negligence, then the doctrine of *res ipsa* does not apply. The doctrine's purpose is to provide evidence of negligence where none can be established, but the incident in question is one that could not occur without the defendant's negligence. Here, the Appellant has clearly introduced evidence seeking to directly establish defendant's negligence. As a result, in my judgment, the trial court did not err in denying the instruction. I would affirm the judgment.