630 A.2d 900

**Lois LEONE and John Leone, Her Husband, Appellants,**

v.

**Victor J. THOMAS, M.D.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1993.

Filed April 16, 1993.

Rehearing Denied Aug. 23, 1993.

218

Wendell G. Freeland, Pittsburgh, for appellants.

James A. Wood, Pittsburgh, for appellee.

Before ROWLEY, P.J., and JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge.

Lois and John Leone appeal from the judgment entered in a medical malpractice action finding no negligence on the part of Victor J. Thomas, M.D. The Leones claim that the trial court erred in failing to give a jury instruction on *res ipsa loquitur.* We reverse.

On September 3, 1985, Thomas performed arthroscopic surgery upon Mrs. Leone for the excision of a popliteal cyst of her left knee. Following the surgery, Mrs. Leone suffered from a loss of sensation and recurrent episodes of pain in her left foot and leg resulting from damage to her peroneal nerve.

The Leones instituted the present action against Thomas on July 2, 1987, claiming that Thomas had been negligent in his treatment of Mrs. Leone. A jury trial was held before the Honorable David S. Cercone on December 4–10, 1991, in which expert testimony was introduced by both parties. At the close of testimony, the Leones requested that the trial court charge the jury on the doctrine of *res ipsa loquitur.* The trial court denied this request. A verdict was subsequently rendered in Thomas' favor. Post-trial Motions were denied by the trial court and judgment was entered on the jury's verdict on April 29, 1992. The Leones appeal from this judgment.

When reviewing the trial court's denial of a motion for a new trial, we are limited to determining whether there was a clear and palpable abuse of discretion or error of law which controlled the outcome of the case. *Butler v. Kiwi,* 412 Pa.Super. 591, 604 A.2d 270 (1992), *appeal denied,* 531 Pa. 650, 613 A.2d 556 (1992).

The Leones present one issue for our review: whether the trial court erred in failing to instruct the jury in the doctrine of *res ipsa loquitur.* We conclude that as the doctrine of *res ipsa loquitur* may be applied to the facts of this case, the trial court erred in refusing to so instruct the jury.

Our supreme court first adopted the doctrine of *res ipsa loquitur,* as articulated in the Restatement (Second) of Torts

§ 328 D, in *Gilbert v. Korvette, Inc.,* 457 Pa. 602, 327 A.2d 94 (1974). That section states:

### § 328 D. Res Ipsa Loquitur

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.

█ This Court has held that the doctrine of *res ipsa loquitur* may be applied in medical malpractice cases. *Jones v. Harrisburg Polyclinic Hospital,* 269 Pa.Super. 373, 410 A.2d 303 (1979). Of course, all three of the elements set out in section 328 D(1) must be satisfied before an inference of negligence can be drawn from an injurious event. *Smith v. City of Chester,* 357 Pa.Super. 24, 515 A.2d 303 (1986). After all three elements have been established, if reasonable persons may reach different conclusion regarding the negligence of the defendant, then it is for the jury to determine if the inference of negligence should be drawn. Restatement (Second) of Torts § 328 D(3). In the present case, the trial court found that the Leones had failed to establish the first two elements required in section 328 D, and therefore it refused to instruct the jury on *res ipsa loquitur.* We conclude that this was error.

█ First, the trial court found that the Leones failed to establish that the injury which Mrs. Leone suffered during the

surgery was of a kind which ordinarily does not occur in the absence of negligence. After a review of the record, we conclude that although Dr. Basil A. Marryshow, the expert testifying for the Leones, did not use the precise terminology of Section 328 D, his testimony was clearly sufficient to establish that the injury suffered by Mrs. Leone was not a usual complication from the surgical procedure performed and that the care given by Thomas to his patient fell below the standard expected of a reasonable surgeon in that community. N.T., November 23, 1991 at 56.

To sustain their burden of proof, the Leones were required to produce evidence which would permit the conclusion that it is more likely than not that the injuries were caused by Thomas' negligence. *Sedlitsky v. Pareso,* 400 Pa.Super. 1, 5, 582 A.2d 1314, 1316 (1990), *appeal denied,* 527 Pa. 673, 594 A.2d 659 (1991). Although the expert did not couch his testimony in legal terms, he did clearly state that the surgical performance by Thomas was substandard. This Court has held that when expert testimony indicates that a certain procedure performed by a surgeon is evidence of substandard care, that statement is the equivalent of a statement indicating that an event would not occur in the absence of negligence. *Clemons v. Tranovich,* 403 Pa.Super. 427, 589 A.2d 260 (1991), *appeal denied,* 530 Pa. 630, 606 A.2d 900 (1992).

■ The trial court here, however, placed the extra burden upon the Leones to prove that the injuries sustained could not occur in the absence of negligence. Trial court opinion at 2. This is not required under Section 328 D. Under that section, the Leones need only prove that negligence is more probable than not. Restatement (Second) of Torts § 328 D comment e. The jury is permitted to draw from the occurrence of an unusual event the conclusion that it was the defendant's fault. Restatement (Second) of Torts § 328 D comment a.

■ Second, the trial court held that the Leones failed to sustain their burden under the second element of section 328 D because the evidence did not establish that other causes of

the injury were impossible. Trial court opinion at 2. This was error.

To sustain their burden under the second element of section 328 D, the Leones were not required to exclude all other possible explanations for the injury. Restatement (Second) of Torts § 328 D comment e; *Carney v. Otis Elevator Co.*, 370 Pa.Super. 394, 399, 536 A.3d 804, 806 (1988). Expert testimony may be sufficient to establish the elements of section 328 D such that a *res ipsa loquitur* instruction is warranted even when a quantity of contrary evidence has been produced by the defendant. *Clemons*, 403 Pa.Super. at 434, 589 A.2d at 263; *Sedlitsky*, 400 Pa.Super. at 5, 582 A.2d at 1316. It is enough that negligence on the part of Thomas is the more probable explanation of the injury suffered. This inference is not for the court to draw, in any case where either the conclusion of negligence or its absence is reasonable; and even though the court would not itself find negligence, it must still leave the question to the jury if reasonable [persons] might do so. Restatement (Second) of Torts § 328 D comment e; *Sedlitsky* at 5, 582 A.2d at 1316.

Moreover, the only other explanations offered by Thomas for Mrs. Leones' injuries were events associated with the surgery, all of which were under the guidance and exclusive control of Thomas. *See, e.g.,* N.T., December 9, 1991 at 32–33; N.T., December 6, 1991 at 125–129. It is precisely this type of case, one in which an unconscious patient is unable to aver the specific conduct which caused her injury, in which *res ipsa loquitur* applies. *Jones*, 269 Pa.Super. at 379, 410 A.2d at 307. In such a case, the jury is permitted to reasonably infer both negligence and causation from the occurrence of an unusual event and the defendant's relation to it. Restatement (Second) of Torts § 328 D comments b, g.

The third element under section 328 D, that Thomas owed a duty to protect his patient from damage to the peroneal nerve during surgery, is uncontested between the parties. We conclude that since the Leones had established the three required elements under section 328 D, the question of wheth-

er the inference of Thomas' negligence could be drawn, under *res ipsa loquitur*, should have been for the jury to resolve. Here, the trial court improperly drew its own conclusions regarding whether the inference of negligence under *res ipsa loquitur* was present in this case. This impermissible action by the trial court served to prejudice the disposition of the Leones' case.

We, therefore, conclude that since the Leones presented sufficient evidence to warrant a jury instruction regarding *res ipsa loquitur*, the judgment must be reversed.

Judgment Reversed and Case Remanded for a new trial.