645 A.2d 278

**Salvatore MICCICHE, Appellant,**

v.

**EASTERN ELEVATOR COMPANY.**

Superior Court of Pennsylvania.

Argued June 22, 1994.

Filed July 28, 1994.

220

James B. Crummett, Philadelphia, for appellant.

Kevin Connors, Philadelphia, for appellee.

Before ROWLEY, P.J., and CAVANAUGH and TAMILIA, JJ.

TAMILIA, Judge:

Salvatore Micciche appeals from the judgment entered February 18, 1994 following a jury trial in which a verdict was entered in favor of appellee, Eastern Engineering and Elevator Company. Appellant's post-trial motion seeking a new trial was subsequently denied on December 17, 1993 and he now appeals to this Court.

On December 26, 1986, appellant, a doorman at the Robert Morris Building,[1] was in the midst of his daily floor inspection routine when, while exiting Elevator 1, he fell, allegedly as a result of the elevator's failure to properly level on the third floor landing. Because six months prior to the incident appellee had completed the modernization of Elevator 1 based upon a series of contracts which included installation of a new

1. According to appellant's testimony, his employment responsibilities also included, among other duties, inspecting the elevators, which required riding one or, if possible, all elevators each day to check for proper speed and leveling as well as any other malfunctions (N.T., 5/24/93, pp. 50–51).

control system and a maintenance agreement, appellant commenced a civil action against appellee for personal injury damages based on products liability and negligence theories. Prior to trial, however, Judge Murray C. Goldman dismissed appellant's products liability claim, thereby barring appellant from presenting evidence on the count, and, at the conclusion of the trial, Judge Goldman refused appellant's request to instruct the jury on the doctrine of *res ipsa loquitur*. On May 27, 1993, the jury returned a verdict for appellee as to the negligence count.

On appeal to this Court, appellant argues the trial court erred in dismissing his products liability claim and in barring the admission of evidence concerning the claim. Appellant claims he presented uncontroverted evidence which clearly established appellee engaged in the business of selling a product as contemplated by the Restatement (Second) of Torts § 402A. Specifically, appellant claims he provided evidence that appellee sold and delivered on-site, to his employer, defective products including a completely modernized elevator and an all new elevator control system. It is appellant's position Pennsylvania case law has liberally imposed the strict liability requirements of section 402A in instances similar to the present case involving hybrid sales-service contracts as well as on-site construction of injury causing instrumentalities. Specifically, he argues the cases in this and other jurisdictions have recognized that equipment comprising a total system should come under the ambit of section 402A, which states:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

This section was adopted in Pennsylvania in *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966).

 After a thorough review of the record, we find appellant has failed to provide sufficient evidence the trial court erred in denying his strict liability claim. To successfully litigate a products liability suit, section 402A(1) requires a party to assert a product or component was in a defective condition as sold. Appellant has failed to meet this requirement. While appellant relies exclusively on the testimony of an expert witness, the expert report, upon which appellant relied in his oral argument regarding the dismissal of the strict liability claim, repeatedly addresses negligent installation, adjustment and maintenance, and fails to allege a defective part as required by section 402A. Accordingly, appellant has failed to show that a particular product suffered from a particular defect which rendered the product unreasonably dangerous for its intended use. *See Sherk v. Daisy–Heddon, etc.,* 498 Pa. 594, 450 A.2d 615 (1982). Appellant's attempts to circumvent this lack of proof by arguing the entire elevator was defective is without merit. A review of the record reveals appellee was responsible for repair and modernization of an existing elevator utilizing components neither designed nor manufactured by appellee. Moreover, appellee neither designed, manufactured nor installed the original elevator. In addition, appellant has failed to prove appellee is a "seller" for purposes of section 402A. In fact, appellant has failed to show appellee did anything more than remove certain components of the existing elevator and install new components as part of its modernization contract. Accordingly, we find the trial court did not err in dismissing the strict liability claim.

Appellant next argues the trial court erred in refusing to permit the admission of appellee's work slips and service records and expert testimony as to their content. At the request of appellee, the trial judge precluded appellant from

admitting any work slips or service records unless they specifically referred to a "mis-leveling problem." The trial court also precluded expert testimony concerning those service records which did not refer to "mis-leveling." Appellant sought to admit the additional records to establish the operational history of the elevator in question in that, according to appellant, the records and work slips would have revealed a repeated pattern of error accumulation and occasional resetting which would have indicated the system was improperly assembled. Appellant contends this evidence would have been probative of the issue of notice to appellee and its failure to take reasonable measures to correct the problem. He claims this ruling was prejudicial and deprived him of a fair trial.

■■■■ A trial judge has broad powers concerning the conduct of a trial, particularly with regard to the admission or exclusion of evidence. *See Plowman v. Plowman,* 409 Pa.Super. 143, 597 A.2d 701 (1991). Generally, questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court, and may be reversed by this Court only when a clear abuse of discretion is apparent. *Soda v. Baird,* 411 Pa.Super. 80, 600 A.2d 1274 (1991).

To be admissible, however, evidence must be relevant. Specifically, evidence of other incidents involving a certain instrumentality may be relevant to certain issues, but the evidence is admissible only "when the evidence concerns incidents sufficiently similar to the incident involving the plaintiff which occurred under sufficiently similar circumstances." *Lynch v. McStome & Lincoln Plaza Assoc.,* 378 Pa.Super. 430, 436, 548 A.2d 1276, 1279 (1988) (citations omitted). Presently, the burden is on appellant to show the records pertained to "similar accidents occurring at substantially the same place and under the same or similar circumstances." *Harkins v. Calumet Realty Co.,* 418 Pa.Super. 405, 414, 614 A.2d 699, 704 (1992) (citations omitted).

■■■ Appellant has failed to meet this burden of proof. The reports in question did not refer to a specific mis-leveling problem. In addition, the notations on the reports and work

slips were not sufficiently self-explanatory so as to allow the jury to infer the elevator had mis-leveled. *See Lynch, supra.* Furthermore, the complaints relating to the work slips were inconclusive. They did not explain the circumstances under which the elevator allegedly malfunctioned and appellant did not produce any of the witnesses who allegedly made the complaints indicated in the work reports. Accordingly, the trial court had no basis upon which to determine the incidents described in the reports were sufficiently similar to appellant's accident and, therefore, did not abuse its discretion by excluding the evidence.

Finally, appellant argues the trial court committed a fundamental error of law by refusing to instruct the jury in accordance with the doctrine of res ipsa loquitur, the embodiment of which can be found in the Restatement (Second) of Torts § 328D, and which has been held to apply in a variety of cases, almost identical to the present incident, in which elevator or escalator equipment has malfunctioned. As further support for his argument, appellant cites *Williams v. Otis Elevator Co.*, 409 Pa.Super. 486, 598 A.2d 302 (1991), in which Judge Goldman, the presiding judge herein, gave a res ipsa loquitur jury instruction in a case involving an elevator maintenance company in which the elevator lurched as the passenger exited, yet refused to give the same instruction here.

In *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 613, 327 A.2d 94, 100 (1974), the Pennsylvania Supreme Court adopted section 328D which provides:

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.

Appellant must establish the three elements set forth in section 328D(1) before an inference of negligence can be drawn from an injurious event. *Leone v. Thomas,* 428 Pa.Super. 217, 630 A.2d 900 (1993). Appellant has failed to meet this burden of proof.

First, appellant has failed to prove the accident was the type which ordinarily does not occur absent negligence. To sustain this burden of proof, appellant must produce evidence which would permit the conclusion that it was more probable than not the injuries were caused by appellee's negligence. *Id.* Although appellant makes various claims and assumptions the elevator in question had been mis-leveling, he provides no evidence to support these claims. In fact, appellant completed an accident report subsequent to the incident which did not mention the elevator had dropped down below floor level or that he had tripped while exiting (N.T., 5/24/93, pp. 83–84).

Second, appellant has failed to present sufficient evidence to demonstrate there were no other responsible causes for the accident. Although it is not necessary for appellant to exclude all other possible causes of the accident, he still must present a case from which a jury may reasonably conclude the negligence was, more probably than not, that of appellant. *Carney v. Otis Elevator Co.,* 370 Pa.Super. 394, 536 A.2d 804 (1988). Here, there were various possible explanations for appellant's injuries, which he fails to address in his brief to this Court. Specifically, he presented no rebuttal evidence to appellee's contention construction dust could have caused the mis-leveling. Additionally, appellant's own expert testified he did not consider other potential causes of the mis-leveling (N.T. at 324). More importantly, appellant has failed to

exclude his own negligence as a possible cause of the accident. Appellant, who was responsible for checking the operation of the elevators, testified he rides the elevators on a daily basis and if and when an elevator oscillated, he would normally wait for it to level off and then exit (N.T. at 106). However, on the day of the accident, he testified he did not look down to see if the elevator car was level. Accordingly, it is at least as probable as any other explanation that appellant tripped or lost his balance when he exited the elevator car. Having failed to meet the first and second requirements of the doctrine of res ipsa loquitur, we find the trial court did not err in refusing appellant's requested jury instruction.

Judgment affirmed.