J-S13038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

LORI BASSARO : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
ALVIN F. DE LEVIE : No. 1705 MDA 2019

Appeal from the Order Entered October 1, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
2018-1901

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:        **FILED: APRIL 2, 2020**

Lori Bassaro (Bassaro) appeals the order of the Court of Common Pleas of Centre County (trial court) dismissing with prejudice her second amended complaint on the ground that she had failed to allege sufficient facts for a claim of legal malpractice against her former attorney, Alvin F. de Levie (de Levie).  We affirm.

**I.**

On May 11, 2014, Bassaro was injured on the job while using a meat grinder (the appliance).  At the time, she was an employee of Weis Markets. Bassaro alleges that while using the appliance, it gave her a serious electrical shock.  She alleges further that this event is making her vision progressively

_____

[*] Retired Senior Judge assigned to the Superior Court.

darker; causes her to stutter when she tries to speak; diminishes her cognitive ability; and gives her painful spinal lesions.

Bassaro hired de Levie to represent her in obtaining workers' compensation benefits against her employer, Weis Markets, as well as potential litigation against third parties who might be liable for her injuries. Over two years after the incident, de Levie informed Bassaro that the statute of limitations period for filing a negligence action had elapsed and suggested she review her options to proceed against him on grounds of legal malpractice. **See** Second Amended Complaint, 4/26/2019, at Paragraphs 34-36 (citing Exhibit 2).

In 2018, Bassaro filed a complaint against de Levie alleging legal malpractice. The elements of such a claim are that the attorney represented the plaintiff, but failed to exercise ordinary skill and knowledge, causing harm to the plaintiff in the form of a lost cause of action. The latter element is commonly referred to as a "case within a case."[1]

De Levie filed preliminary objections contending that Bassaro failed to plead a claim of malpractice against him with sufficient specificity because she

---

[1] "In essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a 'case within a case')." **Kituskie v. Corbman,** 714 A.2d 1027, 1030 (Pa. 1998); **see Poole v. W.C.A.B.**, 810 A.2d 1182, 1184 (Pa. 2002) (same).

did not state the cause of her injury or identify a responsible third party. In response, Bassaro amended her complaint to name Hobart as the tortfeasor due to its faulty design, manufacture, installation and maintenance of the subject appliance.

De Levie then reiterated his preliminary objections that Bassaro's malpractice complaint lacked sufficient specificity in part because she had not presented any theory of causation linking an act by a third party with her injuries. The trial court sustained the preliminary objections to the first amended complaint for lack of specificity and dismissed the pleading without prejudice. *See* Trial Court Order, 3/9/2019, at 1-3.

Bassaro then filed a second amended complaint adding the following allegations against Hobart and other third parties:

* * *

8. Upon information and belief, Hobart designed, manufactured, and sold the aforementioned grinder.

9. Upon information and belief, said Hobart meat grinder was in a defective condition by reason of its design and manufacture, and by reason of the absence of proper warnings, notice and instructions to users such as [Bassaro].

10. Upon information and belief, Hobart had a duty to perform routine maintenance on the grinder, but such was not routinely performed.

11. Prior to [Bassaro] being shocked by said defective meat grinder. [Bassaro] had complained several times to Weis Markets' supervisors/managers, who on information and belief reported the same to Hobart, that [Bassaro] was receiving electric shocks from the Hobart grinder.

12.     The Hobart machine utilized a 220V power outlet that was, upon information and belief, deficient in its design and manufacture rendering it unreasonably dangerous for its intended user.

13.     Upon information and belief, the 220V power outlet was installed by Hobart employees or a similar representative from Hobart.

14.     Throughout the course of the day prior to her injury, the Hobart machine exhibited electrical and systemic malfunctions that could have been caused by a defect in the machine, a defect in the electric supply, or a combination of both.

15.     Upon information and belief, Hobart took no steps to prevent further electric shocks and did not perform any maintenance on the grinder to remedy [Bassaro's] complaints, despite Hobart's legal duty in this regard.

16.     Similarly, Hobart did not perform any required maintenance on the machine following Plaintiff's complaints.

17.     It is believed and therefore averred that Hobart's grinder was defective because it continually gave [Bassaro] electric shocks shortly before electrocuting her.

18.     It is believed and therefore averred neither the Hobart grinder nor its designated power source was designed to produce a shock to its intended user.

19.     In addition to the grinder itself remaining in unsafe condition and prior to the incident's occurrence, $1.3 million worth renovation or construction work was performed at Weis Markets in 2011.

20.     Upon information and belief, the meat cooler where Plaintiff was injured was either significantly renovated or constructed from-new and attached to Weis as an addition to the store.  A true and correct copy of the Construction Permit issued by the Philipsburg Borough is attached hereto and marked as Exhibit 3.

21.     The permit specifically approving such construction listed, *inter alia*, electrical work was to be done at Weis Markets.

22.    The aforementioned construction, upon information and belief, was performed in the area where [Bassaro's] injury occurred.

23.    Shortly after the incident occurred, water was observed coming from the same power outlet [Bassaro] was using to operate the grinder.

24.    Upon information and belief, water is not supposed to come from a power outlet.

25.    Upon information and belief, Hobart had a duty to ensure water did not emanate from the power outlets installed and/or repaired that were to be used in conjunction with said meat grinder.

26.    [Bassaro] was rendered unconscious as a result of the above described injuries caused by the defective Hobart [appliance.]

Second Amended Complaint, at Paragraphs 8-26.

De Levie again filed preliminary objections, arguing that Bassaro's pleadings did not sufficiently set forth a cause of action against a third-party tortfeasor. The trial court sustained those preliminary objections, relying on Pa.R.C.P. No. 1028(a)(3) (lack of specificity in pleading). The trial court again found that Bassaro had failed to clearly state the elements of the underlying claim, "particularly because she fails to identify any third-party liability." Trial Court Opinion and Order, 9/30/2019, at 2. The second amended complaint was dismissed with prejudice. *Id*. at 3. Bassaro timely appealed and both she and the trial court complied with Pa.R.A.P. 1925.[2]

_____

[2] "When sustaining the trial court's ruling will result in the denial of a claim or a dismissal of suit, preliminary objections will be sustained only where the

## II.

On appeal, Bassaro primarily contends that the trial court erred in finding that she did not plead sufficiently specific facts to make out an underlying tort claim against Hobart.[3]  **See** Appellant's Brief, at 5.  She contends that the trial court, in its opinion, focused exclusively on whether she pleaded a claim of products liability when, in fact, her stronger potential claims against Hobart had sounded in negligence,[4] especially the claim that

_____

case is free and clear of doubt and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." **Rambo v. Greene**, 906 A.2d 1232, 1235 (Pa. Super. 2006).

[3] Bassaro now seems to abandon her argument to the trial court that she had pleaded a viable products liability claim against Hobart.  Had she raised that issue on appeal, it would lack merit because "[t]o successfully litigate a products liability suit, section 402A(1) requires a party to assert a product or component was in a defective condition as sold." **Micciche v. E. Elevator Co.**, 645 A.2d 278, 280 (Pa. Super. 1994); **see also Tincher v. Omega Flex, Inc.**, 104 A.3d 328, 399-402 (Pa. 2014) (summarizing the elements and standard of proof for a products liability claim in general accordance with Section 402A of Restatement (Second) of Torts)).  Bassaro never made that allegation in any of her complaints.

[4] "Generally, to establish a cause of action negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff and the plaintiff suffered an actual loss or damage." **Brezenski v. World Truck Transfer Inc.**, 755 A.2d 36, 40 (Pa. Super. 2000).  Dismissal is proper if the plaintiff does not aver sufficient facts to establish all the elements of a claim. **Lerner v. Lerner**, 954 A.2d 1229, 1234–35 (Pa. Super. 2008).

Hobart failed to maintain the appliance and its power source. ***See id.*** at 13-14.[5]

## A.

Pennsylvania is a fact-pleading jurisdiction. ***See generally*** Pa.R.C.P. No. 1019; ***see also Serin v. Kelshaw***, 611 A.2d 1232, 1235 (Pa. Super. 1992). A complaint must set forth the material facts upon which a claim is based in "concise and summary form." Pa.R.C.P. No. 1019(a). A complaint may be dismissed at the preliminary objection stage if the pleading is insufficiently specific. ***See*** Pa.R.C.P. No. 1028(a)(3).

"Rule 1020(a) permits a plaintiff to state more than one cause of action against a defendant but each cause of action and any special damages related thereto must be stated in a separate count containing a demand for relief." ***Bouchon v. Citizen Care, Inc.***, 176 A.3d 244, 258 (Pa. Super. 2017) (quoting Pa.R.C.P. No. 1020(a)). "[W]here the factual background underlying

_____

[5] In the alternative, Bassaro argues that if her pleadings are found to be too vague to satisfy the applicable pleading requirements, the lack of detail should be attributed to de Levie's inadequate investigative efforts. This argument has already been rejected by our Supreme Court, which places the initial burden on the plaintiff to establish the merit of an underlying case: "[i]t is only after the plaintiff proves he would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent[.]" ***Kituskie v. Corbman***, 714 A.2d 1027, 1030 (Pa. 1998). In a malpractice suit, a plaintiff cannot rely on a lack of facts to establish by inference that she would have prevailed in an underlying case if not for her counsel's conduct; the facts must be asserted affirmatively. ***See id***.

each defendant's liability is different," a plaintiff cannot state a cause of action against each defendant in a single count. *Bouchon*, 176 A.3d at 258 (citing *Gen. State Auth. v. Lawrie and Green*, 356 A.2d 851, 854 (Pa. Cmwlth. 1976)). "Assertions of legal rights and obligations in a complaint may be construed as conclusions of law, which have no place in a pleading." *DelConte v. Stefonick*, 408 A.2d 1151, 1153 (Pa. 1979).

In determining whether a complaint is sufficiently specific under Pa.R.C.P. 1023(a)(3), the court will consider "whether [it] informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene*, 906 A.2d 1232, 1236 (Pa. Super. 2006); *see also Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 588 (Pa. Super. 2002).

To plead a legal malpractice action, a plaintiff must allege at least one meritorious cause of action she would have had against a third party but for the attorney's malpractice. *See Kituskie*, 714 A.2d at 1030. To avoid liability at trial, the attorney would have to defend against such claims in much the same way as the alleged third-party tortfeasor — by attempting to show that the alleged tortfeasor was not liable. The pleading requirements that would have applied in a pure personal injury action directly against the third party must, therefore, apply equally as to the "case within a case" element of a malpractice claim against an attorney.

**B.**

Bassaro's central argument is that the trial court dismissed her suit by ignoring well-pleaded facts establishing her underlying personal injury claims. She asserts that she laid out all the elements of negligence against Hobart based on its failure to maintain the appliance and the appliance's power source. *See* Appellant's Brief, at 13-15; Second Amended Complaint, at Paragraphs 9-17. While it is true that the trial court in this case evaluated the sufficiency of Bassaro's "case within a case" only in the context of products liability rather than negligence, this was symptomatic of the inherent difficulty in identifying Bassaro's underlying cause(s) of action.

The operative complaint did not set forth the facts and elements of each potential claim in the underlying personal injury claim against Hobart, such that de Levie could "know without question upon what grounds to make his defense." Bassaro did not organize the pleadings supporting her underlying claims against Hobart into separate counts, making it unclear whether those claims sounded in negligence, products liability or both. Nor did her complaint outline the particular facts that would have allowed her to prevail as to each discreet cause of action.

For example, Paragraph 9 provides that the appliance had a manufacturing and design defect, suggesting a theory of products liability as to Hobart. However, the very next paragraph provides that Hobart had a duty to "perform routine maintenance" on the appliance, suggesting a theory of

negligence. Paragraph 14 attributes to Hobart a design and manufacturing defect with respect to the electrical outlet from which the appliance drew power.

Apart from any alleged conduct by Hobart, Paragraphs 19 and 20 refer to the negligence of an unnamed third party who caused the appliance's malfunction by renovating Bassaro's work area years after installation of the appliance.[6] The only mention of causation (linking tortious conduct with physical injury) comes in Paragraph 26, in which Bassaro asserted that her accident resulted from a "defect" in the appliance. This is a products liability concept, and it is not clear how the preceding allegations of negligence relate to that conclusion.

As stated previously, the test for a sufficiently specific complaint is whether it "informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo*, 906 A.2d at 1236. To that end, a plaintiff must state clearly in a separate count each individual cause of action asserted against each individual defendant,

---

[6] It is well established that "[i]t is never enough for the plaintiff to prove that he was injured by the negligence of some person unidentified." *Fessenden v. Robert Packer Hosp.*, 97 A.3d 1225, 1232 (Pa. Super. 2014) (quoting Restatement (Second) of Torts § 328D, cmt. f (1965)). Bassaro did not sufficiently plead a claim against the unnamed contractor because she did not identify that third party, assert the basis of a legal duty to her, or present a theory of causation between the purported breach of the duty and damages.

including the facts pertaining to every element of that count. *See* Pa.R.C.P. Nos. 1019(a), 1020(a), 1028(a)(3). These rules apply in legal malpractice cases like this one, where the plaintiff must plead and prove a "case within a case."

Here, de Levie was entitled to the same degree of notice of the underlying tort claims, as the third-party tortfeasor would have had in a pure personal injury suit (Hobart). Yet the sections of the complaint purporting to state the "case within a case" did not state each cause of action in a separate count, enumerate all the elements of each cause of action in each individual count, or separate the allegations with respect to each individual defendant.

Because all of the facts, legal theories and parties of the "case within a case" are lumped together without the appropriate separation and specificity, it is impossible to discern how the entire body of those allegations corresponds to a discrete claim against an individual third party. *See Commonwealth v. Parisi*, 873 A.2d 3, 9 (Pa. Cmwlth. 2005) (explaining that each claim or cause of action asserted in a complaint "must be presented in a self-sufficient separate count, which includes averments of facts pertaining to the particular claim and relief sought."); *see also Estate of Swift v. Northeaster Hosp. of Philadelphia*, 690 A.2d 719, 723 (Pa. Super. 1997) ("If a plaintiff fails to properly plead a separate cause of action, the cause he did not plead is waived.").

Accordingly, had Bassaro relied on these same averments in a personal injury matter, Hobart could not have known for sure upon what grounds to defend, subjecting the complaint to dismissal. As directed against de Levie, the allegations supporting Bassaro's underlying claims are likewise insufficient. Thus, the trial court did not err in sustaining de Levie's preliminary objection and dismissing Bassaro's second amended complaint.[7]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/02/2020

---

[7] A preliminary objection, based on lack of specificity in the pleadings, falls under the purview of Pa.R.C.P. No. 1028(a)(3), and this was the sole basis for the trial court's dismissal in the order on review. *See* Trial Court Opinion, 9/30/2019, at 1-2. For the reasons discussed above, dismissal would have also been proper under Pa.R.C.P. No. 1028(a)(2) due to "failure of a pleading to conform to law or rule of court," or "legal insufficiency of a pleading (demurrer)" under Pa.R.C.P. No. 1028(a)(4). "[T]his court may affirm the decision of the trial court on any correct basis." *Rambo*, 906 A.2d, at 1235 n.4.