**Richard G. FESSENDEN and Marlene Fessenden, Appellants**

v.

**ROBERT PACKER HOSPITAL, Guthrie Clinic Ltd., and David Herlan, M.D., Appellees.**

Superior Court of Pennsylvania.

Argued June 25, 2014.

Filed July 23, 2014.

Reargument Denied Sept. 25, 2014.

John E. Lavelle, Garden City, NY, for appellants.

Eugene P. Feeney, Scranton, for appellees.

BEFORE: LAZARUS, J., WECHT, J., and MUSMANNO, J.

OPINION BY WECHT, J.:

Richard and Marlene Fessenden ("the Fessendens") appeal the June 24, 2013 order granting summary judgment in favor of Robert Packer Hospital, Guthrie Clinic Ltd., and David Herlan, M.D. (collectively "Appellees"). For the reasons set forth below, we reverse.

On August 13, 2004, Richard Fessenden ("Fessenden") underwent an esophagogastrectomy[1] at Robert Packer Hospital. The procedure was performed by David Herlan, M.D. During that procedure, a laparotomy sponge was left inside of Fessenden's abdomen. Shortly after the 2004 esophagogastrectomy, Fessenden began experiencing intermittent lower abdominal pain. On July 28, 2008, Fessenden went to the emergency room with severe abdominal pain. At that time, a CAT scan revealed the presence of the laparotomy sponge in the upper right quadrant of Fessenden's abdomen.

On August 20, 2008, Dr. Burt Cagir performed an exploratory laparotomy, wherein the sponge was removed, and an adjacent abdominal abscess was drained. The procedure also necessitated the removal of Fessenden's gallbladder and a portion of his small bowel.[2] Dr. Cagir's operative report for this procedure indicated the following: "Entered into the ab-

---

1. An esophagogastrectomy is the "[r]emoval of a portion of the lower esophagus and proximal stomach." Stedman's Medical Dictionary (27th ed. 2003).

2. Fessenden's gallbladder was excised because it was within the abscess cavity, and thus became free floating "due to [ ] mobilization." Deposition of James Cooros, M.D., 4/25/2013, at 25–26. Similarly, a portion of

scess cavity which, upon exploration, was found to contain a retained laparotomy sponge." Deposition of Burt Cagir, M.D., 4/25/2013, at 36. On August 28, 2008, Fessenden required a second procedure for further drainage of the abscess. Fessenden remained hospitalized until September 8, 2008.

■ On March 31, 2010, the Fessendens filed the instant medical malpractice action. In their complaint, the Fessendens alleged that Appellees negligently provided medical care to Fessenden by failing to explore, inspect, and otherwise confirm that all foreign objects were removed from Fessenden's body before his surgical incision was closed. The Fessendens also brought a count against Appellees for loss of consortium. In their certificate of merit filed pursuant to Pa.R.C.P. 1042.3(a)(3),[3] the Fessendens averred that expert testimony of an appropriately licensed medical professional was unnecessary for the prosecution of their claim. Instead, the Fessendens intended to rely upon the doctrine of *res ipsa loquitur*,[4] which allows the factfinder to infer from the circumstances surrounding the injury that the harm suffered was caused by the negligence of the defendant.

On December 28, 2012, Appellees filed a motion for summary judgment. Therein, Appellees argued that the doctrine of *res ipsa loquitur* was not applicable to the Fessendens' claims. Appellees additionally argued that the Fessendens failed to present expert testimony that otherwise would establish causation. On June 26, 2013, the trial court issued a memorandum opinion and order granting Appellees' motion for summary judgment. Therein, the trial court held that the Fessendens failed to "provide[ ] any evidence that the damages complained of were a result of the retained sponge." Trial Court Opinion ("T.C.O."), 6/26/2013, at 3 (unnumbered). On July 17, 2013, the Fessendens filed a timely notice of appeal. On July 23, 2013, the trial court ordered the Fessendens to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Fessendens timely complied. On November 18, 2013, the trial court issued an order pursuant to Pa.R.A.P. 1925(a), incorporating the reasoning that the court provided in its June 26, 2013 opinion.

The Fessendens present one issue for our consideration:

> Did the [trial court] err in finding that there was no genuine issue of material

Fessenden's small bowel was removed because there appeared to be a hole in the bowel, created as a result of the laparotomy. *Id.* at 25.

3. Pa.R.C.P. 1042.3(a) requires plaintiffs in medical malpractice cases to file a certificate of merit, stating that either:
 (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

 (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
 (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
 Pa.R.C.P. 1042.3(a).

4. The phrase *res ipsa loquitur*, translated literally from Latin, means "the thing speaks for itself." Black's Law Dictionary (9th ed. 2009).

fact for a jury to consider as it relates to the necessary causation element of negligence in determining that the *res ipsa loquitur* doctrine was inappropriate to apply the nexus to defeat the summary judgment application?

Brief for Fessendens at 2.

■■■ Our standard of review of a trial court's order granting summary judgment is well-settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof ... establishes the entitlement of the moving party to judgment as a matter of law." *Young v. PennDOT* [560 Pa. 373], 744 A.2d 1276, 1277 (Pa.2000). Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Murphy v. Duquesne Univ. of the Holy Ghost,* 565 Pa. 571, 777 A.2d 418, 429 (2001) (some citations omitted; citation modified; ellipsis in original).

> [T]he issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.,* 606 Pa. 294, 997 A.2d 1152, 1159 (2010) (citations omitted).

■■■ The following standard applies to the Fessendens' medical malpractice cause of action:

> Medical malpractice consists of a negligent or unskillful performance by a physician of the duties which are devolved and incumbent upon him on account of his relations with his patients, or of a want of proper care and skill in the performance of a professional act. Because medical malpractice is a form of negligence, to state a *prima facie* cause of action, a plaintiff must demonstrate the elements of negligence: a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of harm. With all but the most self-evident medical malpractice actions there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation.

*Quinby v. Plumsteadville Family Practice Inc.,* 589 Pa. 183, 907 A.2d 1061, 1070–71 (2006) (citations omitted).

 A narrow exception to the requirement that medical malpractice claims be supported by expert testimony applies in instances of obvious negligence, *i.e.,* circumstances in which the medical and factual issues presented are such that a lay juror could recognize negligence just as well as any expert. *Jones v. Harrisburg Polyclinic Hosp.,* 496 Pa. 465, 437 A.2d 1134, 1137 (1981). In such instances, the doctrine of *res ipsa loquitur* allows a factfinder to infer from the circumstances surrounding the injury that the harm suffered was caused by the negligence of the defendant. The doctrine applies under the following circumstances:

 (a) the event is of a kind which ordinarily does not occur in the absence of negligence;

 (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

 (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Restatement (Second) of Torts § 328D(1) (1965) (hereinafter "Restatement"); *Gilbert v. Korvette, Inc.,* 457 Pa. 602, 327 A.2d 94, 100 (1974) (adopting the Restatement's formulation of *res ipsa loquitur* ).

 *Res ipsa loquitur* is merely a shorthand expression for a rule of evidence that allows a jury to infer negligence and causation where the injury at issue is one that does not ordinarily occur in the absence of negligence. *Bearfield v. Hauch,*

407 Pa.Super. 624, 595 A.2d 1320, 1322 (1991). Although *res ipsa loquitur* was intended to be a "far more realistic, logical, and orderly approach to circumstantial proof of negligence," *Gilbert,* 327 A.2d at 100, it has caused significant confusion.[5] Where "reasonable persons may reach different conclusion[s] regarding the negligence of the defendant," and where the plaintiff proves all three of section 328D's elements, the question of whether an inference of negligence should be drawn is for the jury. *Leone v. Thomas,* 428 Pa.Super. 217, 630 A.2d 900, 901 (1993) (citing Restatement § 328D(3)).

 In *Jones,* the Pennsylvania Supreme Court held that *res ipsa loquitur* may be invoked in medical malpractice cases. 437 A.2d at 1138. The Court ruled that expert testimony is not a *per se* requirement for establishing medical negligence. Instead, expert medical testimony becomes necessary only when there is "no fund of common knowledge" from which nonprofessionals reasonably could infer negligence in a given case. *Id.*

Our Supreme Court subsequently applied *res ipsa loquitur* to a case involving a quadriplegic patient who was left unaccompanied on a medical examination table, without safety rails or other restraints, after a surgical procedure. *Quinby v. Plumsteadville Family Practice, Inc.,* 589 Pa. 183, 907 A.2d 1061, 1065 (2006). In *Quinby,* the plaintiff fell from the examination table and suffered severe injuries, which purportedly resulted in his death.

---

**5.** *See* William L. Prosser, Handbook of the Law of Torts § 39, at 213 (4th ed. 1971) *("Res ipsa loquitur* . . . has been the source of so much trouble to the courts that the use of the phrase itself has become a definite obstacle to any clear thought, and it might better be discarded entirely.") (footnote omitted); *Poto-*

*mac Edison Co. v. Johnson,* 160 Md. 33, 152 A. 633, 636 (1930) (Bond, C.J., dissenting) ("It adds nothing to the law, has no meaning which is not more clearly expressed for us in English, and brings confusion to our legal discussions.").

The Court held, in relevant part, that Quinby had met all three requirements of section 328D, and thus was entitled to a jury instruction on *res ipsa loquitur. Id.* at 1073 ("Quinby has established that the fall is not the type of event that occurs in the absence of negligence, and that there is no explanation other than Defendants' negligence for the fall. Accordingly, § 328D's three elements were met....").

■ Instantly, the trial court concluded that the evidence did not support the application of *res ipsa loquitur,* because the Fessendens failed to present "any evidence that the damages complained of were a result of the retained sponge." T.C.O. at 3. The Fessendens argue that they sufficiently demonstrated each of the three elements required by section 328D so as to preclude summary judgment. The Fessendens maintain that, on the particular facts presented, they were entitled to attempt to convince a trial jury to draw an inference of negligence. We agree with the Fessendens.

Appellees do not dispute that a surgical sponge was left inside of Fessenden's abdomen during the August 13, 2004 esophagogastrectomy. T.C.O. at 3. Nor do

they dispute that the allegedly negligent act of failing to remove the sponge before closing the surgical incision was within the scope of their duty to Fessenden. Rather, they argue that the Fessendens are not entitled to an inference of negligence pursuant to *res ipsa loquitur* because the Fessendens failed to "rule out other responsible causes" of Fessenden's injuries.[6] Brief for Appellees at 21. Accordingly, we confine our analysis to the second prong of section 328D.[7]

Appellees' argument is based upon the fact that the removal of the laparotomy sponge, along with the removal of Fessenden's gallbladder and a portion of his small bowel, occurred approximately four years after the 2004 esophagogastrectomy. Appellees also contend that Fessenden suffered from "numerous other health issues."[8] *Id.* at 17. We see no reason why these factors must necessarily preclude the Fessendens from relying upon *res ipsa loquitur* to establish a *prima facie* case of negligence.

First, Appellees evidently misunderstand the burden imposed upon the Fessendens by section 328D(1)(b). *See* Restatement (Second) of Torts § 328D(1)(b)

---

6. Appellees also argue that summary judgment was proper because the Fessendens did not establish proximate causation, and consequently failed to set forth a *prima facie* case of medical malpractice without relying upon *res ipsa loquitur.* Brief for Appellees at 16. Because we find that the Fessendens appropriately relied upon the doctrine of *res ipsa loquitur,* we need not address this contention.

7. We note, however, that the evidence is sufficient to conclude that, in the absence of negligence, laparotomy sponges are not left behind after abdominal surgery. This conclusion may be drawn as "a matter of general knowledge, which the court recognizes on much the same basis as when it takes judicial notice of facts which everyone knows." Restatement

(Second) of Torts § 328D, cmt. d (1965). Because the facts here bespeak negligence, no expert testimony is necessary to inform the jury that such circumstances do not usually occur absent negligence. *Id.*

8. Specifically, Appellees allege that Fessenden has a history of myocardial infarction, coronary artery disease, and esophageal cancer. Brief for Appellees at 17. They also contend that Fessenden suffers from acutely managed urinary retention, diabetes mellitus, and benign prostatic hypertrophy. *Id.* Fessenden, on the other hand, disputes that he has one or more of these conditions. *See* Deposition of Richard Fessenden, 6/14/2011, at 32–35.

(1965) (requiring that "other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence"). The critical inquiry as to this element is "whether a particular defendant is the responsible cause of the injury." *Quinby*, 907 A.2d at 1072–73; *see Jones*, 437 A.2d at 1139. Although Appellees refer to this element as "causation" throughout their brief, section 328D does not require that a plaintiff present direct evidence that the defendant's conduct was the proximate cause of the plaintiff's injury. Instead, *res ipsa loquitur* allows a plaintiff to eliminate other responsible causes of the event. The Restatement explains as follows:

> It is never enough for the plaintiff to prove that he was injured by the negligence of some person unidentified. It is still necessary to make the negligence point to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where there is no doubt that it is at least equally probable that the negligence was that of a third person, the court must direct the jury that the plaintiff has not proved his case. Again, however, the plaintiff is not required to exclude all other possible conclusions beyond a reasonable doubt, and it is enough that he makes out a case from which the jury may reasonably conclude that the negligence was, more probably than not, that of the defendant.

Restatement (Second) of Torts § 328D, cmt. f (1965).

Here, there is no reasonable probability that the retained laparotomy sponge was the result of a negligent third party. Indeed, it is undisputed that there is no explanation for a laparotomy sponge to be present within Fessenden's abdomen other than the Appellees' negligence. The evidence, when viewed in the light most favorable to Fessenden, demonstrates that Fessenden did not have any other surgeries between the time of the 2004 esophagogastrectomy and the subsequent removal of the sponge in 2008. Deposition of Richard Fessenden, 6/14/2011, at 29. Fessenden also stated that he began having intermittent lower abdominal pain shortly after the 2004 operation. *Id.* at 36. In 2008, Fessenden went to the emergency room with severe abdominal pain. At that time, a CAT scan revealed a retained surgical sponge in the upper right quadrant of Fessenden's abdomen. *Id.* at 37. Most importantly, Appellees acknowledge that a surgical sponge was left inside of Fessenden's abdomen following the August 13, 2004 surgery. Brief for Appellees at 16. Accordingly, Appellees' argument that Fessenden failed to eliminate other responsible causes of the retained sponge is meritless.

The Fessendens have established that laparotomy sponges are not usually left in a patient's abdomen after surgery absent negligence, and that there is no explanation for the retained sponge other than Appellees' negligence. Consequently, the Fessendens met the three elements required by section 328D, and were entitled to an inference of negligence and causation pursuant to the doctrine of *res ipsa loquitur*. The trial court erred in granting summary judgment because it is the function of the jury to determine whether such an inference should be drawn. Restatement (Second) of Torts s 328D(3) (1965); *Murphy*, 777 A.2d at 429.

Finally, Appellees argue that the case *sub judice* "is certainly not the type of matter that the courts envisioned to be submitted to a jury ... without expert testimony." Brief for Appellees at 17.

We disagree. Although factually analogous cases appear to be uncommon in Pennsylvania, our courts long have cited the proverbial "sponge left behind" case as a prototypical application of *res ipsa loquitur.* See *Jones,* 437 A.2d at 1138 n. 11 ("[T]here are other kinds of medical malpractice, as where a sponge is left in the plaintiff's abdomen after an operation, where no expert is needed to tell the jury that such events do not usually occur in the absence of negligence."); *Robinson v. Wirts,* 387 Pa. 291, 127 A.2d 706, 710 (1956) (stating that no expert testimony is necessary in "cases where . . . a gauze pad is left in the body of a patient following an operation"). Moreover, the *Jones* Court's extension of the doctrine of *res ipsa loquitur* to medical malpractice cases was grounded, at least in part, upon the desire to allow juries to infer negligence in situations "where a patient submits himself or herself to the care and custody of doctors and nurses, is rendered unconscious, and receives some injury from instrumentalities used or procedures employed in his or her treatment." *Jones,* 437 A.2d at 1139. Contrary to Appellees' assertion, we find that the instant matter is well within the intended scope of the doctrine. Indeed, to a substantial degree, it epitomizes that doctrine.[9]

---

9. Our review of cases from other jurisdictions similarly supports this conclusion. Indeed, a widespread consensus exists recognizing a narrow category of medical malpractice cases that do not require expert testimony to enable the jury to conclude that an accident would not happen absent negligence. In *Coleman v. Rice,* the Supreme Court of Mississippi reversed the trial court's grant of summary judgment in favor of two surgeons who left a laparotomy sponge inside of a patient after a hysterectomy. 706 So.2d 696 (Miss.1997). Applying the doctrine of *res ipsa loquitur,* the court held that "[a] layman can understand, **without expert testimony,** that the unauthorized or unexplained leaving of an object inside a patient during surgery is negligence." *Coleman,* 706 So.2d at 698 (emphasis added); *see also Fieux v. Cardiovascular & Thoracic*

For the foregoing reasons, this case warranted the application of *res ipsa loquitur.* Because it is for the jury in cases where different conclusions may be reached to determine whether to infer negligence and causation based upon the circumstances surrounding an injury, the trial court erred in granting summary judgment.

Judgment reversed. Case remanded for further proceedings. Jurisdiction relinquished.

*Clinic, P.C.,* 159 Or.App. 637, 978 P.2d 429 (1999) (reversing a lower court's grant of a directed verdict where a plaintiff relied upon *res ipsa loquitur,* without expert testimony, after a surgical clamp was left behind following open heart surgery because "[i]t is within a jury's competence to conclude that a second surgery, complete with the physical impact necessary to complete the surgery and all the risks associated with it, constitutes an injury"); *Kambat v. St. Francis Hosp.,* 89 N.Y.2d 489, 655 N.Y.S.2d 844, 678 N.E.2d 456, 459 (1997) (holding that "[w]hen an operation leaves a sponge or implement in the patient's interior, . . . the thing speaks for itself without the aid of any expert's advice" (citation omitted; emphasis removed)).