J-S52016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ONOFRIO POSITANO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GEISINGER, GEISINGER MEDICAL | : | No. 1419 MDA 2017 |
| CENTER, GEISINGER CARDIOLOGY | : | |
| DEPARTMENT, KIMBERLY SKELDING, | : | |
| M.D., AND KAHLON | : | |
| TALWLNDARDEEP, M.D. | : | |

Appeal from the Order Entered August 14, 2017
In the Court of Common Pleas of Montour County Civil Division at No(s):
2016-00269

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED OCTOBER 26, 2018**

Onofrio Positano appeals from the order denying his Motion to Quash and Strike the Ten Day Notice of Praecipe for the Entry of Judgment of *Non Pros* filed by Geisinger, Geisinger Medical Center, Geisinger Cardiology Department, (collectively "Geisinger"), Kimberly Skelding, M.D., and Talwlndardeep S. Kahlon, M.D.[1] We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Talwlndardeep S. Kahlon, M.D. was no longer employed by Geisinger at the time of the lawsuit. It does not appear he was served with the Complaint and no counsel entered an appearance in the trial court on his behalf. The Praecipe for Entry of Judgement *Non Pros* was filed on behalf of Geisinger and Skelding. The judgment of *non pros*, however, was entered on behalf of all defendants for failure to file a complaint. On appeal, counsel for Geisinger and Skelding also entered an appearance for Kahlon.

On July 21, 2016, Positano filed a "Complaint of Medical Negligence and Intentional Infliction of Emotional Distress, Pursuant to Pa.R.C.P. Rule 1042.1" against Geisinger CMA and Geisinger Cardiology Department. The Complaint alleged as follows. Positano underwent a cardio-cauterization procedure in February 2016. Prior to the procedure, a cardiologist presented herself as the primary surgeon who would perform the procedure and stated that a new resident would assist her. Positano claimed the resident performed the procedure until a problem arose. He further maintains that Geisinger released him from the hospital, even though he should have been observed for a 24-hour period. He experienced pain and discomfort and, following an ultrasound, learned that he had a hematoma from the catheterization procedure, which could take up to a year to heal. He continued to suffer extreme pain, which prevented him from walking or bending his right leg. After a follow-up appointment, he discovered that he had a damaged femoral nerve and would require additional surgery. He also required therapy and treatment on an ongoing basis after the surgery. On this factual basis, Positano alleged medical negligence and intentional infliction of emotional distress, and sought an injunction, compensatory damages, and punitive damages. Positano attached to his Complaint a Certificate of Merit, which he signed, stating that expert testimony by an appropriate licensed professional was unnecessary. The trial court later granted a motion to add Kimberly A. Skelding, M.D. and Talwlndardeep S. Kahlon, M.D. as defendants to the Complaint. Order, filed Oct. 31, 2016.

Geisinger filed Preliminary Objections to the Complaint maintaining that Positano cannot pursue a medical negligence claim without expert testimony and, therefore, Positano was required to file a certificate of merit asserting a licensed professional had supplied him with a written statement that a reasonable probability exists that he was the victim of malpractice. Geisinger further argued that Pennsylvania does not recognize a cause of action for intentional infliction of emotional distress; the alleged facts do not support a claim for punitive damages; and the Complaint failed to state a claim upon which relief could be granted.

On November 8, 2016, the trial court granted Geisinger's Preliminary Objection in the nature of a demurrer to the medical negligence claim, finding that although Positano filed a Certificate of Merit, the Complaint, coupled with the Certificate of Merit, failed to allege a cause of action because the Certificate of Merit stated that expert testimony would be unnecessary to prosecute the claim. Order, filed Nov. 8, 2016, at ¶ 1; Trial Ct. Op., filed Dec. 6, 2016, at ¶ 1 ("1925(a) Op.").[2] The trial court granted Positano 30 days to file an amended complaint as to his medical negligence claim. Order, filed Nov. 8, 2016, at ¶ 1. The court also granted the demurrers to the intentional infliction of emotional distress claim and to the claim for punitive damages.

_____

[2] The November 8, 2016 Order stated that Positano failed to file a Certificate of Merit. In the 1925(a) Op., the court clarified that Positano did file a Certificate of Merit, but the Certificate alleged no expert testimony would be necessary. Because the facts alleged in the Complaint required expert testimony to support the claims, it found the Complaint failed to state a cause of action.

The court did not grant Positano leave to amend these claims. The court denied as moot the preliminary objection which demurred generally to the Complaint.

Positano filed a Notice of Appeal. On March 29, 2017, this Court quashed the appeal, reasoning that the order granted Positano leave to amend the Complaint and, therefore, the order was not a final order. Order, No. 88 MDA 2017 (Pa.Super. Feb. 16, 2017).

Positano elected to stand on his original Complaint. Consequently, on May 26, 2017, Geisinger and Skelding sent to Positano a Ten Day Notice of Praecipe for Entry of Judgment of *Non Pros* for Failure to File Complaint and, on June 6, 2017, filed a Praecipe for Entry of Judgment of *Non Pros*. Positano filed a Motion to Quash and Strike Defendant's Ten Day Notice of Praecipe for the Entry of Judgment of *Non Pros* for Failure to File Complaint.[3] On June 6, 2017, the Prothonotary entered a Judgment of *Non Pros*. On June 15, 2017, Positano filed a Petition for Relief of Judgment of *Non Pros* Pursuant to Pa.R.C.P. Rule 237.3. On August 15, 2017, the trial court denied Positano's Motion to Quash and Strike Defendant's Ten Day Notice of Praecipe for Entry of Judgment of *Non Pros*, noting that Positano had not filed an amended complaint.[4]

---

[3] This document was dated June 4, 2017, but docketed June 7, 2017.

[4] The trial court did not address the Petition for Relief of Judgment. However, in denying the Motion to Quash, the court treated it as a motion for relief from judgment.

- 4 -

Positano filed a timely Notice of Appeal. He raises the following issues on appeal:

> 1. Can the [trial] court[] dismiss a medical negligence complaint at the pleading stages for failure to file a certificate of merit under Rule 1042.3(a)(1), when [Positano] had filed a certificate of merit under Rule 1042.3(a)(3)?
>
> 2. Can [Positano], due to the fact[] that this matter falls squarely under the [d]octrine of *[r]es ipsa loquitur*, proceed forward without expert testimony?

Positano's Br. at 1.[5] We will address Positano's claims together.

Although the appeal is from a denial of a motion to strike the ten-day notice, we will treat the appeal as from an order denying a motion for relief from judgment of *non pros*. The order was entered after entry of judgment and after Positano filed the motion for relief, and the trial court treated it as a motion for relief from judgment.

Rule 237.3 provides that if a petition for relief from judgment of *non pros* is filed within ten days after the entry of judgment of *non pros*, as it was here, then "the court shall open the judgment if the proposed complaint states a meritorious cause of action" Pa.R.C.P. 237.3(b)(1).

For such an appeal, our standard of review is as follows:

> A request to open a judgment of *non pros* is by way of grace and not of right and its grant or refusal is peculiarly a matter for the [trial] court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. ***O'Hara v. Randall***, 879 A.2d 240, 243 (Pa.Super.2005) (citations omitted and brackets

---

[5] Positano's brief is not paginated. This Court has supplied the page numbers.

in original). A trial court abuses its discretion if it "renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or ill-will." ***Thomas Jefferson University v. Wapner***, 903 A.2d 565, 569 (Pa.Super.2006) (citation omitted).

***Gondek v. Bio-Medical Applications of Pa., Inc.***, 919 A.2d 283, 286 (Pa.Super. 2007).

To determine whether the trial court erred in denying to open the judgment, we must determine whether there is a meritorious cause of action, and, therefore must determine whether the court properly sustained Geisenger's preliminary objections. We review a trial court's grant or denial of preliminary objections "to determine whether the trial court committed an error of law." ***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa.Super. 2011) (quoting ***Haun v. Cmty. Health Sys., Inc.***, 14 A.3d 120, 123 (Pa.Super. 2011)). In doing so, we "must apply the same standard as the trial court." ***Id.***

A party is entitled to a grant of a preliminary objection in the nature of a demurrer where the pleading is legally insufficient. Pa.R.Civ.P. 1028(a)(4). We have stated:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

- 6 -

*Feingold*, 15 A.3d at 941 (quoting *Haun*, 14 A.3d at 123).

Pennsylvania Rule of Civil Procedure 1042.3 provides that for actions alleging a licensed professional deviated from an acceptable professional standard, the plaintiff must file, within 60 days from the filing of the complaint, a certificate of merit that:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.Civ.P. 1042.3(a). The official Note to the Rule states, "In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation." Pa.R.Civ.P. 1042.3, Note to (a)(3).

Medical malpractice is "defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of

professional medical services." ***Grossman v. Barke***, 868 A.2d 561, 566 (Pa.Super. 2005) (quotation marks and citations omitted). To establish a medical malpractice claim, a plaintiff must establish: a "duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm." ***Id.*** (quoting ***Toogood v. Rogal***, 824 A.2d 1140, 1145 (Pa. 2003) (op. announcing judgment of court)). Further:

> One of the most distinguishing features of a medical malpractice suit is, in most cases, the need for expert testimony, which may be necessary to elucidate complex medical issues to a jury of laypersons. In other words, because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons, a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury.

***Grossman***, 868 A.2d at 566 (citation, quotation marks, and brackets omitted). A "narrow exception" to the expert testimony requirement exists "in instances of obvious negligence, *i.e.*, circumstances in which the medical and factual issues presented are such that a lay juror could recognize negligence just as well as any expert." ***Fessenden v. Robert Packer Hosp.***, 97 A.3d 1225, 1230 (Pa.Super. 2014) (quoting ***Jones v. Harrisburg Polyclinic Hosp.***, 437 A.2d 1134, 1137 (Pa. 1981)). In cases fitting this narrow exception, the doctrine of *res ipsa loquitur* "allows a fact-finder to infer from

the circumstances surrounding the injury that the harm suffered was caused by the negligence of the defendant." *Id.*[6] The doctrine applies where:

> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
>
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

*Id.* (quoting Restatement (Second) of Torts § 328D(1) (1965)).

Here, the trial court determined that Positano would not be able to establish his claims of professional negligence without expert testimony. This was not error. We agree with the trial court that "reading the Complaint in the light most favorable to the Plaintiff," an expert opinion is required to make "a determination as to the proper standard of care to employ in the conduct of a cardiac catheterization, or as to the proper use . . . of a resident physician in training in the conduct of a cardiac catheterization as was alleged in the unique facts of the present case." Order, filed Nov. 8, 2016 at ¶ 1. We further agree that the Certificate of Merit that Positano filed was inadequate, as it stated expert testimony was unnecessary for prosecution of the claim. 1925(a) Op.

---

[6] The Pennsylvania Supreme Court has held that *res ipsa loquitur* can apply to medical malpractice cases, noting that "when common knowledge or medical evidence can be established that the event would not ordinarily occur without negligence, there is no basis for refusing to draw an inference of negligence in accord with *res ipsa loquitur*." **Quinby v. Plumsteadville Family Practice, Inc.**, 907 A.2d 1061, 1072 (Pa. 2006) (quoting **Jones**, 437 A.2d at 1137).

at ¶ 1. Without the support of expert testimony, the complaint's allegations were insufficient to state a cause of action. *Id.*

Contrary to Positano's assertion, the doctrine of *res ipsa loquitur* does not apply, as it is not clear that "the event is of a kind which ordinarily does not occur in the absence of negligence." **See Fessenden**, 97 A.3d at 1230. The procedure and alleged injuries are not within the common fund of knowledge such that a jury could determine whether the doctors deviated from a standard of care and whether that deviation caused injury without expert testimony.

Further, to the extent **Liggon-Redding v. Estate of Sugarman**, 659 F.3d 258, 265 (3d Cir. 2011), relied on by Positano, suggests that a case cannot be dismissed on preliminary objection where a plaintiff filed a certificate of merit under Rule 1042.3(a)(3), we find it not applicable here. First, it is a federal case, and we are not bound by it. **Schiavone v. Aveta**, 41 A.3d 861, 870 n.4 (Pa.Super. 2012). Further, here, the court found that, contrary to his assertion, Positano could not establish his claims without expert testimony and, therefore, the Complaint, coupled with the Certificate of Merit filed, failed to state a claim. As discussed above, this was not error. Also, as noted by the Comment to Rule 1042.3, Positano was bound by his certification that no expert testimony was necessary absent "exceptional circumstances." Positano has not alleged any exceptional circumstances and, in fact, continues to maintain expert testimony is unnecessary.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2018