J-A17026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRYAN SUHOSKEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANKENAU HOSPITAL, LANKENAU | : | No. 3223 EDA 2018 |
| HEART GROUP AND  SCOTT M. | : | |
| GOLDMAN, M.D. | : | |

Appeal from the Order Entered October 5, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2016-23997

BEFORE:  BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:          **FILED AUGUST 17, 2020**

Bryan Suhoskey (Appellant) appeals *pro se*[1] from the order entered in the Montgomery County Court of Common Pleas denying his petition to strike a judgment of *non pros* entered in favor of Lankenau Hospital, Lankenau Heart Group, and Scott M. Goldman, M.D. (collectively, Appellees).  Appellant argues the trial court erred in dismissing his medical malpractice action based upon his failure to file a certificate of merit.  Because we agree with the trial court that Appellant's submission of an untimely Pa.R.A.P. 1925(b) statement waived all issues for appeal, we affirm.

Appellant's complaint alleged the following facts.  On February 15, 2007, Appellant underwent cardiac surgery to repair his mitral valve.  Appellant's

_____

[1] Appellant has proceeded *pro se* at all times since the initiation of this action.

Amended Complaint, 4/21/17, at ¶¶ 7-8. The surgery was performed by Appellee, Dr. Scott Goldman, at Appellee, Lankenau Hospital. *Id.* at ¶ 7. Appellant was released from the hospital on February 18, 2007. *Id.* at ¶ 9. Two days later, he was admitted to Underwood Hospital in Woodbury, New Jersey, after suffering memory loss. *Id.* at ¶ 12. He was diagnosed as "having suffered from a transient ischemic attack (TIA or Mini-Stroke) which is a neurological event with the signs and symptoms of a stroke, but which go away within a short period of time." *Id.* at ¶ 13. One week later, on February 27, 2007, Appellant was seen at Cooper Hospital in Camden, New Jersey "after suffering from additional symptoms of TIA." *Id.* at ¶ 14.

Less than four months later, Appellant was admitted to Lankenau Hospital with complaints of numbness in his left arm. Appellant's Amended Complaint at ¶ 15. He underwent a transesophageal echocardiography (TEE), which "mistakenly identified a 'small vegetation' on [his] mitral valve." *Id.* at ¶¶ 16-17. Appellant suffered two more strokes, the first, in September of 2008 and the second, in January of 2014. *Id.* at ¶¶ 18-19.

On October 7, 2014, another TEE was performed on Appellant at Lankenau Hospital. Appellant's Amended Complaint at ¶ 20. The doctor who performed the procedure referred Appellant back to Dr. Goldman. *Id.* at ¶ 21. Dr. Goldman informed Appellant that the TIAs and strokes he was experiencing were caused by "an apparent suture that was extending from his mitral valve." *Id.* at ¶ 23. The doctor advised Appellant to return in one year to see "if anything had changed." *Id.* at ¶ 24. In October of 2015, Appellant

underwent another TEE at Lankenau Hospital "which confirmed the prior findings." *Id.* at ¶ 25.

Appellant initiated this *pro se* medical malpractice action by writ of summons on October 6, 2016. The tortured procedural history that followed is summarized by the trial court in its opinion. *See* Trial Ct. Op., 1/3/20, at 1-6. For our review, we note the following. On February 2, 2017, Appellees filed a notice of intent to enter a judgment of *non pros* after 30 days if Appellant did not file a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3. *Id.* at 3-4. *See* Pa.R.C.P. 1042.3(a)(1), (3) (requiring plaintiff in professional liability action to file a certificate of merit that states, *inter alia*, that an appropriate licensed professional has concluded the defendant's actions fell outside acceptable professional standards and was a cause in bringing about plaintiff's harm, or "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim"). In response, Appellant requested an extension of time to file a certificate of merit, which the trial court granted until May 19, 2017. Trial Ct. Op. at 4. "On May 18, 2017, Appellant filed what he deemed a certificate of merit." *Id.* Although Appellant averred he had written statements from appropriate licensed professionals, he only attached to his "certificate" copies of his medical records. Appellant's Certificate of Merit, 5/18/17.

Thereafter, on May 20, 2017, the trial court entered a judgment of *non pros*, upon *praecipe* of Appellees, based upon Appellant's failure to provide a proper certificate of merit. Trial Ct. Op. at 5. On June 12th, Appellant filed

J-A17026-20

both a petition to strike the judgment and another certificate of merit, this time checking the box that stated expert testimony was unnecessary for the prosecution of his claim. Appellant's Certificate of Merit, 6/12/17. Appellant also attached a letter to his certificate, in which he explained he intended to proceed *via res ipsa loquitur*,[2] based upon attached medical records. Appellant's *Praecipe* to Attach, 6/19/17, at 2.

On October 5, 2018, the trial court entered the underlying order denying Appellant's petition to strike the judgment of *non pros*.[3] On October 18, 2018, Appellant filed a letter seeking reconsideration of the ruling, which the court denied on October 30th. Appellant then filed a timely notice of appeal on November 1st. The next day, November 2, 2018, the trial court entered an order directing Appellant to file in the court, and serve on the trial judge, a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. The order stated, in relevant part:

_____

[2] "*Res ipsa loquitur* is merely a shorthand expression for a rule of evidence that allows a jury to infer negligence and causation where the injury at issue is one that does not ordinarily occur in the absence of negligence." **Fessenden v. Robert Packer Hosp.**, 97 A.3d 1225, 1230 (Pa. Super. 2014). It provides a "narrow exception to the requirement that medical malpractice claims be supported by expert testimony [and] applies in instances of obvious negligence, *i.e.*, circumstances in which the medical and factual issues presented are such that a lay juror could recognize negligence just as well as any expert." **Id.**

[3] The trial court did not explain the 15-month delay in disposing of Appellant's petition to strike.

- 4 -

The Appellant is cautioned that any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived.

Order, 11/2/18. The trial court docket indicates the order was docketed and sent to Appellant on the same day, November 2nd.

Appellant raises two questions on appeal:

A.    Did the lower court wrongfully grant the Appellees' motion for judgment [of] *non pros*?

B.    Whether the lower court wrongfully denied the application of the doctrine of *res ipsa loquitur* to support the certification of the complaint and deny *non pros*?

Appellant's Brief at 5. In these related claims, Appellant insists the trial court erred or abused its discretion when it dismissed his complaint based upon his failure to provide a certificate of merit because (1) he had "witnesses and testimony that supported his position" and, in any event, (2) he did not "need to submit additional medical reports [because, pursuant to the doctrine of *res ipsa loquitor*,] any reasonable person would know that [ ] Appellees deviated from [the] applicable [standard of] care." ***Id.*** at 16.

Preliminarily, however, we must determine if Appellant has preserved any issues for review. Indeed, the trial court insists Appellant has waived his claims because he failed to file a timely Pa.R.A.P. 1925(b) statement. We agree.

Pennsylvania Rule of Appellate Procedure 1925 requires an appellant to file a timely concise statement of errors complained of on appeal when ordered to do so by the trial court. Pa.R.A.P. 1925(b). Pursuant to subsection (b)(2),

the court must provide the appellant with "at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement." Pa.R.A.P. 1925(b)(2). **See also** Pa.R.C.P. 236(a)(2) (prothonotary shall immediately give written notice of the entry of any order to each party's attorney of record or, if unrepresented, to each party).  Since its mandate in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998) — that "[a]ppellants must comply whenever the trial court orders them to file" a Rule 1925(b) statement[4] — the Pennsylvania Supreme Court has consistently emphasized that compliance with a Rule 1925(b) order is mandatory, and that an appellant's failure to comply "will result in automatic waiver of the issues raised." **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005).

Furthermore, as this Court explained in **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222 (Pa. Super. 2014) (*en banc*):

> [I]t is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues.  Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims must still be considered waived:  "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant **must** comply in a timely manner. **Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007) (citing **Castillo**, 888 A.2d at 780) (emphasis in original); **see Feingold v. Hendrzak**, 15 A.3d 937, 940 (Pa. Super. 2011).

---

[4] **Lord**, 719 A.2d at 309.

***Id.*** at 225.

Despite this clear directive, there are limited exceptions when an appellant may obtain relief from an untimely-filed Rule 1925(b) statement.  In ***Greater Erie Indus. Dev. Corp.***, an *en banc* panel of this Court acknowledged that an untimely filing may be excused if the trial court's Rule 1925 order did not comply with the requirements of the rule, or if the record did not indicate when the order was sent to the appellant.  ***Greater Erie Indus. Dev. Corp.***, 88 A.3d at 225-26. ***See also In re Estate of Boyle***, 77 A.3d 674 (Pa. Super. 2013) ("If the docket does not show that [Pa.R.C.P. 236(a)(2)(b)] notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement.").  Additionally, subsection (c) of the Rule permits an appellate court to remand a non-compliant civil appeal in two circumstances:  "(1)  . . . for a determination as to whether a Statement had been filed and/or served or timely filed and/or served[; and] (2) [u]pon application of the appellant and for good cause shown, . . . for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion."  Pa.R.A.P. 1925(c)(1)-(2).[5]  None of the exceptions are applicable under the facts of the present case.

_____

[5] We note Rule 1925 was amended on June 24, 2019, with an effective date of October 1, 2019.  ***See*** Pa.R.A.P. 1925, Credits.  The language cited above remained unchanged after the amendment.

First, the trial court's Rule 1925 order complied with the requirements of the Rule. The order specifically directed Appellant to "file of Record in [the trial] Court, and to serve a copy upon the [ ] Judge, a Concise Statement of Error Complained of on Appeal . . . no later than twenty-one (21) days from entry of [the] Order on the docket." Order, 11/2/18. Furthermore, the order explicitly cautioned Appellant that "any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." *Id.* This language complies with the requirements set forth in Pa.R.A.P. 1925(b)(3).

Moreover, the record reveals the order was docketed **and sent to Appellant** on November 2, 2018. *See* Order, 11/2/18; Docket Entry, 11/2/18. Appellant never sought an extension of time; thus, he had until Friday, November 23, 2018, to file a timely statement. While we recognize that date was the Friday after the Thanksgiving holiday, Appellant makes no claim that the courthouse was closed that day. Furthermore, it bears emphasis that Appellant did not file his statement until **four days** later, on **Tuesday**, November, 27, 2018.

We also note that despite the trial court's clear indication in its opinion that Appellant's issues are waived, Appellant did not acknowledge the untimeliness of his filing in his principal brief. Rather, in his reply brief, Appellant, for the first time, noted that this Court has the authority to remand a civil case "'upon application of the appellant and for good cause shown . . . for the filing *nunc pro tunc* of a Statement[.]'" Appellant's Reply Brief at 14,

- 8 -

*quoting* Pa.R.A.P. 1925(c)(2). Assuming, *arguendo*, that Appellant's comment in his reply brief constitutes a proper "application" for relief, Appellant has failed to demonstrated "good cause" — or, in fact, provide any reason — for the late filing of his Rule 1925(b) statement.[6] Accordingly, we are compelled to conclude Appellant has waived all issues for review.

We must remind Appellant:

> "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."

***Norman for Estate of Shearlds v. Temple Univ. Health Sys.***, 208 A.3d 1115, 1118–19 (Pa. Super. 2019) (citation omitted), *appeal denied*, 223 A.3d 668 (Pa. 2020).

---

[6] Appellant's reliance on the unpublished decision of this Court in ***Delaware Station LLC v. Exelon Generation Co. LLC***, 1262 EDA 2019 (unpub. memo.) (Pa. Super. 2020), is misplaced. In that case, after the appellant failed to file a court-ordered Rule 1925(b) statement, the appellee sought to quash the appeal. ***Id.*** at 1-2. In response, the appellant filed two applications for relief in this Court, asserting that it was never served with the court's Rule 1925 order due to a virus in "the Philadelphia electronic filing system," which caused the system to malfunction, and requesting a remand to file a Rule 1925(b) statement *nunc pro tunc*. ***Id.*** at 2. This Court remanded the case to the trial court to allow the appellant the opportunity to present evidence that a "breakdown in the process" led to its failure to file a Rule 1925(b) statement. ***Id.*** at 3. Here, however, Appellant did not file a separate application for relief, and has failed to provide any explanation for his untimely filing.

Thus, we affirm the order of the trial court denying Appellant's petition to strike the judgment of *non pros*.[7]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/20

---

[7] We note that even if we were to address the merits of Appellant's underlying claims, we would agree with the ruling of the trial court that the nature of Appellant's claims required expert medical testimony; thus, the court properly dismissed the action when Appellant failed to provide a certificate of merit pursuant to Pa.R.C.P. 1042.3. **See** Trial Ct. Op. at 10-16.