**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2393
_____

CYRIL PYLE,
Appellant

v.

OTIS ELEVATOR CO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-19-cv-04283)
Magistrate Judge: Honorable Elizabeth T. Hey
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 16, 2021

Before: SHWARTZ, PORTER, and MATEY, *Circuit Judges*

(Opinion filed: April 13, 2021)

_____

OPINION*

_____

_____

  * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge*.

An uneven elevator door led Cyril Pyle to trip and fall. Seeking compensation, he sued Otis Elevator Co ("Otis"). Finding no actionable claim of negligence, the District Court granted summary judgment for Otis. And finding no error in that decision, we will affirm.

## I. BACKGROUND

Pyle worked as an emergency room technician at Aria-Jefferson Health Frankford ("Aria"). While wheeling an empty gurney out of the elevator, he suffered a foot injury when the gurney unexpectedly dropped. Pyle blamed a "misleveled" elevator, where the car stops above the floor, creating a gap that caused the mishap. Otis maintains the elevators for Aria, including regular inspection. Records showed repairs for misleveling after Pyle's accident. (D. Ct. ECF No. 22-7 ("Exh. H") at 27, 35–37, 47, 57.)

Pyle sued Otis for negligence in the Pennsylvania Court of Common Pleas. Otis removed and, after discovery, moved for summary judgment. The District Court granted Otis's motion, finding that Pyle had failed to establish a prima facie case of negligence. Pyle now timely appeals.[1]

## II. DISCUSSION

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo*. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012). "Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007) (quoting *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 322 n.2 (3d Cir. 2005)).

There is no question Pyle suffered an injury at work. But "the mere happening of an accident or an injury does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence." *Amon v. Shemaka*, 214 A.2d 238, 239 (Pa. 1965). Pennsylvania law requires the standard four elements of duty, breach, causation, and damages to establish negligence. *See Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 27 (Pa. 2006). Pennsylvania law holds that elevator maintenance companies have a duty to third parties who might suffer injury caused by a failure to perform contractual obligations such as maintenance. *See, e.g.*, *Evans v. Otis Elevator Co.*, 168 A.2d 573, 576 (Pa. 1961). That means Otis had a duty to reasonably maintain and service Aria's elevators. The question is whether Pyle presented evidence showing Otis breached that duty.

Pyle seeks to show breach with a familiar argument: elevators only mislevel when negligently maintained. The faulty elevator, in short, speaks for itself. But in Pennsylvania *res ipsa loquitur* is not a rule of tort law but a "shorthand expression for circumstantial proof of negligence—a rule of evidence." *Gilbert v. Korvette, Inc.*, 327 A.2d 94, 99 (Pa. 1974). It "provides that a plaintiff may satisfy his burden of producing evidence of a defendant's negligence by proving that he has been injured by a casualty of a sort that normally would not have occurred in the absence of the defendant's negligence." *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1071 (Pa. 2006). To that end, Pennsylvania adopted Section 328D of the Restatement (Second) of Torts, *see Gilbert*, 327 A.2d at 100, allowing *res ipsa loquitor* when: 1) the event ordinarily does not occur without negligence; 2) other causes are sufficiently eliminated; and 3) the negligence falls within the scope of the defendant's duty. Restatement (Second) of Torts § 328D(1).

3

The District Court properly applied these standards in granting Otis summary judgment. Pyle did not offer any evidence that would rule out non-negligent causes for his injury.[2] His testimony that he was not sure if the elevator leveled upon exit makes his own actions "at least as probable as any other explanation that [he] tripped or lost his balance when he exited the elevator car." *Micciche v. E. Elevator Co.*, 645 A.2d 278, 281–82 (Pa. Super. Ct. 1994). And his testimony that he rushed out of the elevator to catch the gurney just as easily accounts for his fall. With no evidence, Pyle cannot rely on the doctrine of *res ipsa* to make out his case.

Finally, Pyle argues that even without *res ipsa*, his testimony is enough to preclude summary judgment. But his testimony that he saw the elevator mislevel is not enough to show that Otis is responsible. As the District Court noted, elevator misleveling can happen suddenly, "which is confirmed by both the record evidence and the misleveling cases reviewed." (App. at 19–20.) So under Pennsylvania law, a plaintiff alleging negligence must show that "the elevator was in a defective or dangerous condition discoverable by reasonable inspection." *Evans*, 168 A.2d at 576. And to establish breach of a contracted duty to maintain an elevator, the plaintiff must show that the defendant fell below a reasonable standard of care in identifying and maintaining the flawed component or

---

[2] Maintenance records showing calls to Otis for misleveling in the months after Pyle's accident cannot prove a malfunction at the time of Pyle's injury. *See, e.g., Tait v. Armor Elevator Co.*, 958 F.2d 563, 573 (3d Cir. 1992); *see also Koch v. Otis Elevator Co.*, 10 A.D.2d 464, 467 (N.Y. App. Div. 1960) ("It must be shown either that defendant had prior knowledge of the condition which caused this stoppage and failed to act with reasonable care to correct it; or that it failed to use reasonable care to discover, and then to correct, a condition which ought to have been found.").

components at fault for the elevator's malfunction. *Id.* As the District Court rightly noted, "a mislevel does not necessarily imply negligence, and a defendant would need to discover, or be on reasonable notice of, what conditions or deficiencies existed at the time of the inspection or maintenance that should have alerted a prudent and reasonable elevator servicer that the elevator could mislevel." (App. at 20.)

Because Pyle offers no evidence that Otis fell below a reasonable standard of care or that the elevator was defective or dangerous to a degree that was discoverable by inspection, he fails to make a prima facie case of negligence.

### III. CONCLUSION

For these reasons, we will affirm the District Court's order granting the motion for summary judgment.[3]

---

[3] On appeal, Pyle raises a new argument that Otis negligently maintained the elevator "by setting the 'door zone' beyond an amount allowed by industry standard." (Opening Br. at 2, 15–16.) But "arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." *United States v. Petersen*, 622 F.3d 196, 202 n.4 (3d Cir. 2010) (quoting *United States v. Rose*, 538 F.3d 175, 179 (3d Cir. 2008)). As there are no exceptional circumstances, this argument is waived.